| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Gary F. Herbst, Esq.<br>Jordan Pilevsky, Esq. | **Hearing Date: March 14, 2013 at 11:00 a.m.**<br>**Objections Due: March 7, 2013 at 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

MARLENE CAMACHO
and DIEGO CAMACHO

                                Debtors.
----------------------------------------------------------x

Chapter 7
Case No.: 12-43472 (CEC)

**NOTICE OF MOTION OF THE CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO RULE 4004(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. § 105(a), EXTENDING THE DATE FOR THE CHAPTER 7 TRUSTEE TO FILE A COMPLAINT OBJECTING TO THE DEBTORS' DISCHARGE**

      **PLEASE TAKE NOTICE,** that on **March 14, 2013 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing (the "**Hearing**") will be held before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York 11201 (the "**Court**"), upon the Motion (the "**Motion**") of Gregory Messer, Esq., the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Marlene Camacho and Diego Camacho (the "**Debtors**"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, seeking the entry of an Order, pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a), extending the date for the Trustee to file a complaint objecting to the Debtors' discharge for a period of one hundred and twenty (120) days through and including June 7, 2013, and granting the Trustee such other, further and different relief as this Court may deem just and proper.

1

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq. and Jordan Pilevsky, Esq., **no later than March 7, 2013 at 4:00 p.m.** as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 476), which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such an adjournment in open Court.

Dated: February 8, 2013
      Wantagh, New York         **LAMONICA HERBST & MANISCALCO, LLP**
                                        Attorneys for the Trustee

                             By:    *s/ Gary F. Herbst*
                                     Gary F. Herbst, Esq.
                                     Jordan Pilevsky, Esq.
                                     3305 Jerusalem Avenue
                                     Wantagh, New York 11793
                                     (516) 826-6500

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Gary F. Herbst, Esq.<br>Jordan Pilevsky, Esq. | **Hearing Date: March 14, 2013 at 11:00 a.m.**<br>**Objections Due: March 7, 2013 at 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

MARLENE CAMACHO
and DIEGO CAMACHO

                       Debtors.
-----------------------------------------------------------x

Chapter 7

Case No.: 12-43472 (CEC)

### CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO RULE 4004(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND 11 U.S.C. § 105(a), EXTENDING THE DATE FOR THE TRUSTEE TO FILE A COMPLAINT OBJECTING TO THE DEBTORS' DISCHARGE

Gregory Messer, Esq., the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Marlene Camacho ("**Marlene**") and Diego Camacho (collectively, the "**Debtors**"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, submits this Motion (the "**Motion**") seeking the entry of an Order, pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and 11 U.S.C. § 105(a), extending the date for the Trustee to file a complaint objecting to the Debtors' discharge for a period of one hundred and twenty (120) days through and including June 7, 2013, together with such other and different relief as the Court deems just, and proper and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue for proceeding on this Motion is proper before this Court pursuant to 28 U.S.C. § 1409.

3. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. On May 11, 2012 (the "**Filing Date**"), the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

5. By Notice of Appointment, Gregory Messer, Esq. was appointed the Chapter 7 Trustee of this estate, has duly qualified, and is the permanent Trustee in this case.

## RELIEF REQUESTED AND BASIS THEREOF

6. By this Motion, the Trustee seeks an extension of the deadline by which the Trustee may file an objection to the Debtors' discharge for a period of one hundred and twenty days through and including June 7, 2013.

7. This Motion is brought pursuant to Bankruptcy Rule 4004(b). Bankruptcy Rule 4004(b) provides as follows:

> Extension of time. On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

8. The Trustee respectfully submits that cause exists for a one hundred and twenty (120) day extension of time by which he may file a complaint objecting to the Debtors' discharge.

9. Pursuant to a stipulation dated November 13, 2012, and "So Ordered" on November 26, 2012, the Trustee's deadline to file a complaint objecting to the Debtors'

discharge was extended through and including February 8, 2013 (the "**Objection Deadline**"). [See Dkt. No. 21].

10. Shortly thereafter, by complaint dated November 21, 2012 (the "**Compliant**"), the Trustee commenced an adversary proceeding against Natasha Caciedo ("**Natasha**") and Jorge H. Caciedo ("**Jorge**") (collectively, the "**Defendants**") under 11 U.S.C. §§ 105, 323, 363(h), 541, 542, 544(b) and 550, New York State Debtor and Creditor Law § 272, et. seq., the New York common law, and Bankruptcy Rules 6009 and 7001 and the general equitable powers of the Bankruptcy Court, to avoid and recover a fraudulent transfer of Debtor Marlene's interest in the real property located at, and known as, 652 56th Street, Brooklyn, New York 11220, designated Section 3, Block 841, Lot 28 (the "**Real Property**").

11. After failing to file a timely answer to the Complaint, Defendant Natasha appeared by counsel, Mr. Karam Dahiya ("**Dahiya**") at the initial pre-trial conference (the "**Pre-Trial Conference**") held on January 15, 2013. Defendant Jorge did not appear at the Pre-Trial Conference. Further, at the Pre-Trial Conference, Dahiya was directed by the Court to file an answer by no later than January 29, 2013. After failing to comply with the Court's directive, Dahiya filed an answer dated February 7, 2013 on behalf of the non-appearing Defendant, Jorge.[1]

12. Thereafter, on the eve of the Objection Deadline, Dahiya filed a whole new set of amended schedules and statement of financial affairs (collectively, the "**Amended Schedules**")

---

[1] It is not clear if counsel intends on filing an answer on behalf of Defendant Natasha as well.

on behalf of the Debtor[2]. Simultaneously therewith, Dahiya filed a motion to convert this case to one under Chapter 13 of the Bankruptcy Code (the "**Motion to Convert**").

13. Indeed, the Amended Schedules reflect numerous additional information and material that are absent from Debtor's prior schedules filed with the Court.

14. Specifically, on Schedules "A" and "C" Debtor Marlene modifies and decreases her interest in the Real Property with an unsupported claim that she is only holding the Real Property in trust for certain minor children. This contention is in direct contrast to the chain of title, deeds to the Real Property that are of public record and her prior assertion in this bankruptcy proceeding.

15. Further, the deadline to file proofs of claim against the Debtors' estate expired over six (6) weeks ago. To that end, several creditors have timely filed claims against both Debtors. Curiously, in her Amended Schedules, Debtor Marlene now claims to only have less than $8,500.00 of general unsecured debt. This amount is at odds with the previously scheduled debt of approximately $50,000.00, to which Debtor Marlene listed as undisputed. Significantly, approximately $30,000.00 of timely filed claims against Debtor Marlene have already been filed.

16. Moreover, according to Debtor Marlene's Amended Schedules "I" and "J, her personal income has suddenly increased by approximately $2,000.00 while her expenses decreased by several hundred dollars.

17. Based upon the foregoing, and due to the recent filings of only one (1) day ago, the Trustee can only now commence his new investigation of the Debtors' financial affairs in an effort to make a proper determination of whether cause exists to object to the Debtors' discharge.

---

[2] The Court's docket does not reflect a substitution of counsel from Debtor Marlene's existing counsel of record to Dahiya. Further, Dahiya has not filed a Notice of Appearance on behalf of the Debtor.

Accordingly, the Trustee submits that there is cause to extend the time to object to the Debtor's discharge through and including June 7, 2013.

18. In accordance with Bankruptcy Rule 4003(b), this Motion is being filed before the time to object to the Debtors' discharge expires. However, as the deadline to object to the Debtor's discharge expires after today, the Trustee also respectfully requests that, pending the Court's determination on this Motion, the time to object to the Debtors' discharge be extended.

19. No prior request for relief sought herein has been made to this or any other court.

**WHEREFORE,** the Trustee requests: (i) that pending the Court's determination on this Motion, the time to object to the Debtors' discharge be extended; (ii) the entry of an order extending the time for the Trustee to object to the Debtor's discharge from February 8, 2013 through and including June 7, 2013, without prejudice to the Trustee to seek any further extensions of time; and (iii) for such other relief as this Court deems just and proper.

Dated: February 8, 2013
Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for the Trustee

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
Jordan Pilevsky, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

*M:\Documents\Company\Cases\Camacho, Marlene & Diego\Exted Time Discharge\NOM and Motion.doc*