# Dahiya Law Offices LLC

75 Maiden Lane Suite 506
New York New York 10038
Tel: 212 766 8000
Fax: 212 766 8001

Precision Recovery Analytics, Inc                      March 13, 2013
c/o Cavalry Advisory Services
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595

                          Debt Validation Demanded.
                          Re: Marlene Camacho
                          Ss# 9745
                          Case No. 12-43472  EDNY Bankruptcy Court
                          Your Ref: 7253

Dear Sir:

      The undersigned represent the debtor. You have filed a Proof of Claim on September 25, 2012 with the bankruptcy court registry entered as 1-1 with the claim registry for a sum of $8067.29.

      You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt. For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

      Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

      Please provide me with all competent evidence that  my client has a legal obligation to pay you, including, but not limited to:

• What the debt you say my client owe was for (credit card, consumer loan, etc.) and

1

a detailed statement of each transaction that the amount is claimed for;
• A calculation of all amounts you say the client owe;
• Copies of any documents showing that client agreed to pay what you say client owe;
• A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
• Proof that the statute of limitations has not expired; and
• Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim. If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim. You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/ _____

Karamvir Dahiya, Esq.


Marlene Camacho, Debtor in Bankruptcy Proceeding

2

# Dahiya Law Offices LLC
75 Maiden Lane Suite 506
New York New York 10038
Tel: 212 766 8000
Fax: 212 766 8001

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601

March 13, 2013

Debt Validation Demanded.
Re: Marlene Camacho
Ss# 9745
Case No. 12-43472  EDNY Bankruptcy Court

Dear Sir:

The undersigned represent the debtor. You have filed a Proof of Claim on September 27, 2012 with the bankruptcy court registry entered as 3-1 with the claim registry for a sum of $8970.48

You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt. For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

Please provide me with all competent evidence that my client has a legal obligation to pay you, including, but not limited to:

1

• What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
• A calculation of all amounts you say the client owe;
• Copies of any documents showing that client agreed to pay what you say client owe;
• A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
• Proof that the statute of limitations has not expired; and
• Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim. If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim. You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/

Karamvir Dahiya, Esq.

Marlene Camacho, Debtor in Bankruptcy Proceeding

2

# Dahiya Law Offices LLC

## 75 Maiden Lane Suite 506
## New York New York 10038
## Tel: 212 766 8000
## Fax: 212 766 8001

Cavalry Portfolio Service                                     March 13, 2013
ATTENTION: BANKRUPTCY DEPARTMENT
500 Summit Lake Dr. Suite 400
Valhalla, NY 10595

                     Debt Validation Demanded.
                     Re: Marlene Camacho
                     Ss# 9745
                     Case No. 12-43472  EDNY Bankruptcy Court
                     Your Ref: 7255 7693

Dear Sir:

      The undersigned represent the debtor. You have filed a Proof of Claim on September 25, 2012 with the bankruptcy court registry entered as 2-1 with the claim registry for a sum of $11,321.33

      You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt. For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

      Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

      Please provide me with all competent evidence that my client has a legal obligation to pay you, including, but not limited to:

1

• What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
• A calculation of all amounts you say the client owe;
• Copies of any documents showing that client agreed to pay what you say client owe;
• A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
• Proof that the statute of limitations has not expired; and
• Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim.  If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim.  You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/

Karamvir Dahiya, Esq.

Marlene Camacho, Debtor in Bankruptcy Proceeding

# Dahiya Law Offices LLC
## 75 Maiden Lane Suite 506
## New York New York 10038
## Tel: 212 766 8000
## Fax: 212 766 8001

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054-3025                    March 13, 2013

                    Debt Validation Demanded.
                    Re: Marlene Camacho
                    Ss# 9745
                    Case No. 12-43472 EDNY Bankruptcy Court
                    Ref ₹268

Dear Sir:

       The undersigned represent the debtor. You have filed a Proof of Claim on
October 12, 2012 with the bankruptcy court registry entered as 3-1 with the claim
registry for a sum of $3334.13

       You are being put to a notice that debtor disputes the same and requests
validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are
aware that filing a Proof of Claim or pleading in a litigation is not a substitute for
validation of debt. For example, Summons and Complaint is not a substitute for the
same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999).
Be advised that your claim is disputed; validation and proof of claim of the disputed debt
is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692
and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair
Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each
other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

       Further, be advised that you have made an attempt to collect a part of the property
of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and
control of United States District Court and it must meet all the requirements of claimant
filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

       Please provide me with all competent evidence that my client has a legal
obligation to pay you, including, but not limited to:

1

- What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
- A calculation of all amounts you say the client owe;
- Copies of any documents showing that client agreed to pay what you say client owe;
- A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
- Proof that the statute of limitations has not expired; and
- Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim. If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim. You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/
Karamvir Dahiya, Esq.

Marlene Camacho, Debtor in Bankruptcy Proceeding

2

# Dahiya Law Offices LLC
## 75 Maiden Lane Suite 506
## New York New York 10038
## Tel: 212 766 8000
## Fax: 212 766 8001

American Express Bank, FSB
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701          March 13, 2013

> Debt Validation Demanded.
> Re: Marlene Camacho
> Ss# 9745
> Case No. 12-43472 EDNY Bankruptcy Court

Dear Sir:

The undersigned represent the debtor. You have filed a Proof of Claim on October 15, 2012 with the bankruptcy court registry entered as 8-1 with the claim registry for a sum of $6477.96

You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt. For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

Please provide me with all competent evidence that my client has a legal obligation to pay you, including, but not limited to:

1

• What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
• A calculation of all amounts you say the client owe;
• Copies of any documents showing that client agreed to pay what you say client owe;
• A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
• Proof that the statute of limitations has not expired; and
• Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim.  If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim.  You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/_____
Karamvir Dahiya, Esq.


_____
Marlene Camacho, Debtor in Bankruptcy Proceeding

2

# Dahiya Law Offices LLC
## 75 Maiden Lane Suite 506
## New York New York 10038
## Tel: 212 766 8000
## Fax: 212 766 8001

PYOD LLC its successors and assigns
c/o Resurgent Capital Services
PO Box 19008
Greenville, SC 29602                    March 13, 2013

Debt Validation Demanded.
Re: Marlene Camacho
Ss# 9745
Case No. 12-43472  EDNY Bankruptcy Court

Dear Sir:

The undersigned represent the debtor. You have filed a Proof of Claim on September 28, 2012 with the bankruptcy court registry entered as 5-1 with the claim registry for a sum of $4861.31

You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt.  For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y.  Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq.  All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

Please provide me with all competent evidence that my client has a legal obligation to pay you, including, but not limited to:

Please provide me with all competent evidence that my client has a legal obligation to pay you, including, but not limited to:

• What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
• A calculation of all amounts you say the client owe;
• Copies of any documents showing that client agreed to pay what you say client owe;
• A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
• Proof that the statute of limitations has not expired; and
• Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim.  If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim.  You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/

Karamvir Dahiya, Esq.

Marlene Camacho, Debtor in Bankruptcy Proceeding

# Dahiya Law Offices LLC

75 Maiden Lane Suite 506
New York New York 10038
Tel: 212 766 8000
Fax: 212 766 8001

American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK 73126-8941    March 13, 2013

>           Debt Validation Demanded.
>           Re: Marlene Camacho
>           Ss# 9745
>           Case No. 12-43472  EDNY Bankruptcy Court

Dear Sir:

The undersigned represent the debtor. You have filed a Proof of Claim on October 1, 2012 with the bankruptcy court registry entered as 6-1 with the claim registry for a sum of $4036.59

You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt. For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

1

- What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
- A calculation of all amounts you say the client owe;
- Copies of any documents showing that client agreed to pay what you say client owe;
- A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
- Proof that the statute of limitations has not expired; and
- Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim.  If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim.  You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/

Karamvir Dahiya, Esq.

Marlene Camacho, Debtor in Bankruptcy Proceeding

# Dahiya Law Offices LLC
## 75 Maiden Lane Suite 506
## New York New York 10038
## Tel: 212 766 8000
## Fax: 212 766 8001

American Express Centurion Bank
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701          March 13, 2013

Debt Validation Demanded.
Re: Marlene Camacho
Ss# 9745
Case No. 12-43472  EDNY Bankruptcy Court

Dear Sir:

The undersigned represent the debtor. You have filed a Proof of Claim on October 12, 2012 with the bankruptcy court registry entered as 7-1 with the claim registry for a sum of $263.91

You are being put to a notice that debtor disputes the same and requests validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b). You are aware that filing a Proof of Claim or pleading in a litigation is not a substitute for validation of debt. For example, Summons and Complaint is not a substitute for the same. *Missionary Sisters v. Dowling*, 1999 N.Y. Misc. LEXIS 579 (N.Y. Civ. Ct. 1999). Be advised that your claim is disputed; validation and proof of claim of the disputed debt is requested in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 and as amended by adding the following new Title 8 USC § 802 et seq., and the Fair Credit Billing Act, 15 USC. § 1666 et seq. All of which work in conjunction with each other, including the Truth In Lending Act (TILA) 15 USC 1601 et seq.

Further, be advised that you have made an attempt to collect a part of the property of the Estate as defined under 11 U.S.C. 541 which is currently under the aegis and control of United States District Court and it must meet all the requirements of claimant filing Proof of Claim under section 501 of the Title 11 and Bankruptcy Rule 3001.

Please provide me with all competent evidence that my client has a legal obligation to pay you, including, but not limited to:

1

• What the debt you say my client owe was for (credit card, consumer loan, etc.) and a detailed statement of each transaction that the amount is claimed for;
• A calculation of all amounts you say the client owe;
• Copies of any documents showing that client agreed to pay what you say client owe;
• A copy of any judgment against the client, if you have one and if you are the assignee then an unbroken chain of assignment that took place before you bought the collection right or the claim itself;
• Proof that the statute of limitations has not expired; and
• Evidence that you are licensed to collect debts in NY state.

Until you have provided the above evidence to validate the debt, we will object to your Proof of Claim. If anyone from your office has reported any negative information to any credit reporting agency (e.g., Equifax, TransUnion, Experian, or CSC), you must now report that information as disputed under 15 U.S.C. § 1692e(8).

Once you have provide the requested documentation, we will be filing our objection to claim including relief of striking of such claim and also seek fees if the claim have no basis in law. Do not report negative information to the credit bureaus during this validation period. If your office does not respond to this validation request within 30 days, all references to this account must be deleted from my client credit reports and completely removed from my credit file and withdraw your Proof of Claim. You will inform the undersigned and the bankruptcy court of such action. Thank for your consideration.

/s/
Karamvir Dahiya, Esq.

Marlene Camacho, Debtor in Bankruptcy Proceeding

2