**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

MARLENE CAMACHO
and DIEGO CAMACHO,

     Debtors.
------------------------------------------------------------x

       Chapter 7
       Case No. 12-43472 (CEC)

**SUMMARY SHEET FOR FINAL APPLICATION OF LAMONICA HERBST & MANISCALCO, LLP, AS ATTORNEYS TO THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Total Final Compensation Requested:            **$36,714.27[1]**
Total Final Reimbursement of Expenses Requested:      **$1,785.73**
Total Final Request:               **$38,500.00**
Application Period: September 11, 2012 through October 14, 2014

The following attorneys provided services in connection with this application:

| Name of Professional | Year Admitted in New York | Hours Billed | Rate Hour | Total Billed |
|---|---|---|---|---|
| Gary F. Herbst, Esq. (GFH) Partner | 1989 | 0.20 | $550.00 | $110.00 |
| Joseph S. Maniscalco, Esq. Partner | 1996 | 0.20 | $525.00 | $105.00 |
| David A. Blansky, Esq. (DAB) Partner | 1996 | 13.20 | $475.00 | $6,270.00 |
| | | 17.60 | $450.00 | $7,920.00 |
| Jordan Pilevsky, Esq. (JP) Associate | 2005 | 46.70 | $375.00 | $17,512.50 |
| | | 83.80 | $300.00 | $25,140.00 |
| | | 7.00 | $187.50 | $1,312.50 |
| **TOTALS:** | | **168.70** | | **$58,370.00** |

The blended hourly rate for attorneys in connection with this application is **$346.00**.

In addition, the following legal assistants provided services in connection with this application:

| Name of Para-Professional | Hours Billed | Rate/Hour | Total Billed |
|---|---|---|---|
| Danielle Schnettler (DS) Paralegal | 2.70 | $150.00 | $405.00 |
| | 2.80 | $125.00 | $350.00 |
| Dana Matzinger (DM) Paralegal | 2.20 | $150.00 | $330.00 |
| **TOTALS:** | **7.70** | | **$1,085.00** |

---

[1] Applicant has rendered services to the Trustee valued at $59,455.00. However, Applicant has voluntarily reduced its request for final fees to $36,714.27, plus the reimbursement of expenses, in order to provide a greater distribution to creditors.

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:

                                                    Chapter 7

MARLENE CAMACHO                                     Case No. 12-43472 (CEC)
and DIEGO CAMACHO,

                        Debtors.
---------------------------------------------------------------x

## FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF LAMONICA, HERBST & MANISCALCO, LLP AS ATTORNEYS TO THE TRUSTEE

**To:     The Honorable Carla E. Craig**
         **Chief United States Bankruptcy Judge**
         **United States Bankruptcy Court**
         **Eastern District of New York**

LaMonica Herbst & Maniscalco, LLP (the "**Applicant**" or "**LH&M**"), as counsel to

Gregory Messer, Esq., the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Marlene

Camacho ("**Marlene**") and Diego Camacho ("**Diego**", and together with Marlene, the

"**Debtors**"), as and for its final application (the "**Application**") for the entry of an order,

pursuant to 11 U.S.C. § 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") and Local Bankruptcy Rule 2016-1, awarding and approving final

compensation for services rendered to the Trustee during the period September 11, 2012 through

October 14, 2014 (the "**Application Period**") in the amount of $36,714.27,[2] together with

reimbursement of disbursements in the amount of $1,785.73 for a total award of $38,500.00

---

[2]    Applicant has rendered services to the Trustee valued at $59,455.00. However, Applicant has voluntarily reduced its request for final fees to $36,714.27, plus the reimbursement of expenses, in order to provide a greater distribution to creditors.

During the Application Period, Applicant expended 176.40[3] hours of legal services to the Trustee.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue of this case and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other predicates for relief sought herein are 11 U.S.C. § 330, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## Background

4.      On May 11, 2012 (the **"Petition Date"**), the Debtors filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

5.      By Notice of Appointment, Gregory Messer, Esq., was appointed the interim chapter 7 Trustee of the estate and has duly qualified by operation of law as the permanent Trustee in this case.

6.      By Order dated December 6, 2012 (the "**Retention Order**"), Applicant was retained as counsel for the Trustee.  A copy of the Retention Order is annexed as **Exhibit "A"**.

7.      At a hearing held on March 14, 2013, the Court bifurcated the estates of Marlene and her co-debtor Diego.

---

[3]      Applicant's hours of legal services provided on behalf of the Trustee are comprised of the following categories: (a) adversary proceeding – 33.40 hours; (b) case administration – 21.90 hours; (c) claims review/claims objection – 0.70 hours; (d) discovery/subpoena compliance – 25.70; (e) Document Production and Review – 0.50; (f) fee application – 7.90 hours; (g) motions – 62.60 hours; (h) petition and schedules – 2.00; (i) real property – 5.70; (j) retentions – 3.00 hours; (k) settle actions – 6.00 hours; and (l) travel – 7.00 hours.  Applicant charges half of its hourly billable rate for travel time.

3

8.     The bar date in this case has passed.  The allowed proofs of claim filed against Marlene's estate consist of general unsecured claim in the aggregate sum of $27,847.97.  The allowed proofs of claim filed against Diego Camacho's estate consist of general unsecured claim in the aggregate sum of $19,485.03.

### Relief Requested

9.     This Application seeks compensation for legal services rendered to the Trustee during his administration of this estate. All services for which compensation and the reimbursement of expenses that is requested by the Applicant were performed for, and on behalf, of the Trustee and the Debtors' estate.

10.     Applicant is a firm of thirteen (13) attorneys and two (2) paralegals concentrating in the practice of, among other specialties, bankruptcy and insolvency related matters.  In this regard, Applicant has extensive experience representing Trustees in bankruptcy proceedings before the Bankruptcy Courts in both the Eastern and Southern Districts of New York.  As a result of Applicant's extensive experience, Applicant submits that the services it rendered to the Trustee in the instant case, as set forth below, were efficient, economical and beneficial to the Debtors' estate and its creditors.

11.     Applicant maintains written records of time (the "**Time Records**") spent by professionals and para-professionals performing legal services on behalf of the Trustee.  Such Time Records are made contemporaneously with the rendering of services by the person rendering such services and in the ordinary course of the Applicant's practice.  The Time Records reflect the name of the attorney or paralegal, current hourly billing rates, the date on which the services were performed, the services rendered and the amount of time spent performing the services during the Application Period.  Copies of the Applicant's Time Records are annexed as **Exhibit "B"** to this Application.

12.     In addition, Applicant maintains records of all actual and necessary out-of-pocket expenses it incurs.  Annexed as **Exhibit "C"** is a schedule reflecting the categories of expenses and amounts for which reimbursement is requested.  Applicant charges ten-cents per page for copying expenses.

### General Summary of Professional Services Rendered

13.     The summary that follows provides an overview of the significant tasks performed by the Applicant during the Application Period:

a.      Reviewed and analyzed the Debtors' petition, schedules and statement of financial affairs (the "**Original Schedules**") for the purpose of ascertaining whether the information contained in those documents indicated the existence of any legal claims, rights or actions which could be pursued for the benefit of the estate;

b.      Gathered documents and information related to the Debtors' pre-petition financial affairs and began to investigate if certain claims may be asserted for the benefit of the estate;

c.      Prepared and filed an application for the retention of LH&M as attorneys for the Trustee;

d.      Prepared and filed an application for the retention of Gary R. Lampert, CPA, as accountants to the Trustee;

e.      Prepared, circulated and filed several stipulations seeking to extend the Trustee's deadline to object to Marlene's discharge;

f.      Prepared, filed and served two (2) separate motions seeking to extend the Trustee's deadline to object to Marlene's discharge;

g.      Prepared and recorded a Notice Pursuant to New York Real Property Law § 297-a of the Chapter 7 Bankruptcy Filing and Appointment of Trustee dated October 25, 2012 (the "**297-a Notice**");

h.      Commenced an adversary proceeding (the "**Adversary Proceeding**") by preparing, filing and serving a summons and complaint dated November 21, 2012 (the "**Complaint**") Natasha Caciedo ("**Natasha**") and Jorge H. Caciedo (the "**Ex-Spouse**", and together with Natasha, the "**Defendants**") to avoid and recover a fraudulent transfer of Marlene's interest in the real property known as, and located at, 652 56th Street, Brooklyn, New York 11220, designated Section 3, Block 841, Lot 28 (the "**Real Property**");

i.      Reviewed the answer dated February 7, 2013 to the Complaint filed by the Ex-Spouse;

j.      Reviewed the answer dated February 11, 2013 to the Complaint filed by the Natasha;

k.      Prepared, filed and settled a discovery order that was entered on March 27, 2014 (the "**Adversary Proceeding Discovery Order**");

l.      Prepared and filed a stipulation seeking to extend the deadlines set forth in the Adversary Proceeding Discovery Order, and obtained approval in connection therewith;

m.      Prepared and served the Trustee's discovery demands, namely (i) request for documents; (ii) notices of depositions of Natasha and the Ex-Spouse; and (iii) third party subpoenas on Marlene and Diego (the "**Trustee's Discovery Demands**");

n.      Reviewed responses received from the Defendants in response to the Trustee's Discovery Demands;

o.      Conducted an examination before trial of the Ex-Spouse;

p.      Conducted an examination before trial of Marlene;

q.      Agreed to accept an affidavit of Natasha in lieu of a deposition and reviewed such affidavit for its facts;

r.      Defended an examination before trial of the Trustee;

s.      Prepared for, and attended, several pre-trial conferences in connection with the Adversary Proceeding;

t.      Reviewed Marlene's amended schedules filed on February 7, 2013 (the "**Amended Schedules**");

u.      Reviewed Marlene's motion to bifurcate her case and convert her estate into one under chapter 13 of the Bankruptcy Code (the "**Conversion Motion**");

v.      Prepared, filed and served an opposition in response to the Conversion Motion;

w.      Appeared for hearings in connection with the Conversion Motion;

x.      Reviewed schedules filed by Diego upon bifurcation of his estate;

y.      Prepared, filed and served a pre-trial statement along with numerous exhibits in connection with an evidentiary hearing on the Conversion Motion (the "**Trustee's Pre-Trial Statement**");

z.      Reviewed Marlene's pre-trial statement filed in support of her Conversion Motion;

aa.     Conducted numerous and extensive settlement negotiations with counsel to Marlene and prepared several settlement stipulations memorializing such settlement terms;

bb.     Prepared, negotiated and circulated a final agreed upon stipulation of settlement (the "**Stipulation**") resolving the estate's claims in the Adversary Proceeding and the Debtors' bankruptcy case;

cc.     Collected the settlement sum pursuant to the terms of the Stipulation;

dd.     Reviewed and analyzed proofs of claim filed against the Debtors' estates in anticipation of formulating the proposed distribution to creditors;

ee.     Communicated with the Trustee regarding the status of the bankruptcy case; and

ff.     Prepared the instant application for compensation and reimbursement of expenses on behalf of LH&M.

### Specific Summary of Professional Services Performed by LaMonica Herbst & Maniscalco, LLP on Behalf of the Trustee

**A.      The Real Property and the Transfer**

14.     The Applicant, on behalf of the Trustee, investigated the financial affairs of the Debtors by reviewing the Original Schedules, their testimony taken at the meeting of creditors held pursuant to Section 341 of the Bankruptcy Code and online public real property records.

15.     Based on that review, Applicant discovered that by deed (the "**Original Deed**") dated October 3, 1991, and recorded on October 17, 1991, Marlene and the Ex-Spouse, then as husband and wife, and Luis H. Guevara ("**Luis**") and Yojaira Guevara ("**Yojaira**", and together

with Marlene, Jorge and Luis, the "**Original Purchasers**"), as husband and wife, purchased the Real Property from Gerard Jones for a purchase price of approximately $270,000.00.

16.    Pursuant to the Original Deed, Marlene and the Ex-Spouse jointly owned 50% of the Real Property and Luis and Yojaira jointly owned 50% of the Real Property.  However, subsequent to Yojaira's death, Luis acquired an outright 50% ownership interest in and to the Real Property.

17.    Thereafter, by deed dated June 21, 2004, and recorded on October 4, 2004, Luis transferred his ownership interest in the Real Property to Marlene's mother, Anna Soto (the "**Luis-Soto Deed**").

18.    At some point prior to execution of the Luis-Soto Deed, Marlene and the Ex-Spouse divorced and, as a result, title to the Real Property ceased to exist as one under a tenancy by the entirety between Marlene and the Ex-Spouse thereby giving Marlene at least a 25% interest in and to the Real Property.

19.    By deed dated February 10, 2005, and recorded on March 3, 2005, Anna Soto transferred her ownership interest in the Real Property to Marlene (the "**Soto-Marlene Deed**"). As a result of the Soto-Marlene Deed, Marlene was vested with a 75% interest in and to the Real Property.

20.    Within three (3) years of the Petition Date, by deed (the "**Transfer Deed**") dated October 16, 2009, Marlene transferred her ownership interest in and to the Real Property to the Ex-Spouse, Natasha and Marlene (the "**Transfer**").  Based upon public records reviewed by the Applicant, at the time of the Transfer, Marlene did not receive any consideration in exchange for the Transfer.

21.    According to the Original Schedules, the debt secured against the Real Property was only $322,063.00.  Based upon Applicant's independent review and investigation, the

present fair market value of the Real Property was in excess of $900,000.00.  As a result, even after deducting for a homestead exemption, satisfying the co-owner's share and existing mortgages, the Real Property had sufficient equity to effectuate a distribution to creditors.

22.     Cognizant of the legal fees associated with litigating an adversary proceeding and the costs associated with a liquidation of the Real Property prior to retaining Applicant, the Trustee attempted to resolve this matter informally with Debtors' original counsel.  After such attempts were met with no response, the Trustee retained Applicant and directed it to commence the Adversary Proceeding.

**B.     The Adversary Proceeding**

**i.     Pleadings**

23.     As a result of the foregoing, by the filing of the Complaint, Applicant, on behalf of the Trustee, commenced the Adversary Proceeding, pursuant to 11 U.S.C. §§ 105, 323, 363(h), 541, 542, 544(b) and 550, New York State Debtor and Creditor Law § 272, et. seq., the New York common law, and Bankruptcy Rules 6009 and 7001 and the general equitable powers of the Bankruptcy Court, to avoid and recover the Transfer.

24.     After initially failing to file timely answers to the Complaint, the Defendants appeared by counsel at the initial pre-trial conference held on January 15, 2013 and requested additional time to file their respective answers.  Thereafter, on February 7, 2013 Jorge filed an answer.  On February 11, 2013, Natasha filed an answer.

     **ii.**   **Discovery**

25.     On March 27, 2014, the Court entered the Adversary Proceeding Discovery Order which, among other things, directed the parties to complete discovery by no later than May 5, 2014.

26.     In compliance with the Adversary Proceeding Discovery Order, Applicant served the Trustee's Discovery Demands upon Natasha and the Ex-Spouse as well as third party subpoenas on Marlene and Diego with documents to be produced, and depositions to be taken, in advance of the deadlines outlined by the Court.

27.     Thereafter, counsel for the Defendants and Marlene requested an extension of time within which to comply with the Trustee's Discovery Demands. Further, Defendants' counsel represented that Natasha lacked knowledge regarding the circumstances surrounding the Real Property as she was a minor at the time of the Transfer.

28.     In an effort to avoid a discovery dispute, Applicant agreed to the requested extension for the Ex-Spouse and Marlene and the submission of an affidavit from Natasha, subject to Court approval. As a result, Applicant prepared and circulated a stipulation (the "**Discovery Stipulation**") seeking to extend certain deadlines contained in the Adversary Proceeding Discovery Order.  Upon execution, Application submitted the Discovery Stipulation to the Court for approval.  On May 9, 2014, the Court "so ordered" the Discovery Stipulation.

29.     On May 20, 2014, Applicant conducted depositions of the Ex-Spouse and Marlene.

30.     On or about June 3, 2014, and in lieu of an examination before trial, Natasha submitted an affidavit to the Trustee attesting to her lack of knowledge surrounding the Transfer.

31.     In accordance with Bankruptcy Rule 7030, Applicant prepared separate letters to the Ex-Spouse and Marlene enclosing their deposition transcripts along with related exhibits.

32.    Following a final pre-trial conference held on September 4, 2014, the Court entered a Pre-Trial Order dated September 11, 2014 scheduling a trial date (the "**Pre-Trial Order**").

## C.    The Conversion Motion

33.    Simultaneous with the filing of answers by the Defendants in the Adversary Proceeding, Marlene filed her Amended Schedules.  Indeed, the Amended Schedules were replete with numerous additional and material changes from the Original Schedules. Significantly, on Amended Schedules "A" and "C", Marlene claimed a reduced interest in the Real Property with an unsupported claim that she is only holding the Real Property in trust for certain minor children on account of a will of Ana Soto.  This contention is in direct contrast to the chain of title, the deeds to the Real Property that are of public record and Marlene's prior assertion in her bankruptcy proceeding.

34.    On the same day she filed the Amended Schedules, Marlene filed the Conversion Motion.  The Ex-Spouse filed an affidavit in support of the Conversion Motion.

35.    On March 7, 2013, Applicant prepared, filed and served an opposition to the Conversion Motion (the "**Trustee's Opposition**").  In connection with a hearing held on March 14, 2014, the Court entered a Scheduling Order dated March 20, 2013 directing the parties to, *inter alia*, exchange exhibits and file separate pre-trial statements in preparation for an evidentiary hearing to be held on May 1, 2013.

36.    As a result, Applicant prepared, filed and served the Trustee's Pre-Trial Statement along with numerous documents in opposition to the Conversion Motion.

37.     On May 1, 2013, just prior to the evidentiary hearing, Applicant and counsel to the Defendants reached a global settlement in principle that would resolve the Conversion Motion and the Adversary Proceeding.  The basic terms provided that Marlene would seek to

refinance the Real Property with and agreed upon amount of proceeds to be allocated to the estate for a distribution to creditors. After over one (1) year of attempting to refinance, and intermittently providing Applicant with proof that a refinance was imminent upon Applicant's request, counsel to Marlene informed the Trustee that a contract of sale was obtained instead. Marlene, rather preferred to liquidate the Real Property with the same agreed upon sum realized from the sale being allocated to the estate.

38.    However, additional time lapsed without the terms of such a sale being disclosed or a motion being presented to the Court for approval of such sale.

39.    Thereafter, the Court advised the parties that it will hold the Conversion Motion in abeyance pending a judicial determination of the Adversary Proceeding. Indeed, the abeyance was ordered by the Court in the Adversary Proceeding Discovery Order. As a result, the Conversion Motion was carried and held in abeyance while the Adversary Proceeding continued.

**D.    The Settlement**

40.    Following numerous stalled settlement discussions over more than one year, and the entry of the pre-trial order scheduling a trial for October 2, 2014, counsel to the Defendants and Marlene contacted Applicant in an effort to settle the Adversary Proceeding and the Conversion Motion ahead of trial. Applicant and the Trustee advised counsel to the Defendants and Marlene that the matter could only be settled if the amount of $60,000 and a signed settlement agreement was received by the Trustee well in advance of the deadlines provided in the Court's latest order.

41.    As a result of the settlement discussions between the parties, Applicant prepared and circulated the Stipulation which fully resolves the Adversary Proceeding and the Conversion Motion.

42.     The Stipulation provided that one or more of the Defendants and/or Marlene pay the estate the sum of $60,000 (the "**Settlement Sum**") in full and final satisfaction of the claims that were asserted in this Adversary Proceeding and the Debtors' bankruptcy case.    The Settlement Sum was delivered to the Trustee along with an executed Stipulation in mid-September 2014.

43.     At a hearing held on October 9, 2014, the Court approved the Stipulation.

**E.     Miscellaneous Case Administration**

44.     In addition to the above services, Applicant also handled the day to day legal tasks for the Trustee.

45.     During the Application Period, Applicant: (i) prepared and recorded the 297-a Notice with the appropriate County Clerk; (ii) prepared, filed and served two separate motions seeking the entry of an order extending the deadline within which the Trustee may object to Marlene's discharge; (iii) negotiated, prepared and filed several stipulations seeking an extension of the deadline within which the Trustee may object to Marlene's discharge; (iv) conducted numerous and extensive negotiations with counsel to the Debtors and Defendants regarding a resolution of the Adversary Proceeding; (v) reviewed and analyzed the proofs of claim filed against the estate; (vi) consulted with an accountant regarding the preparation of tax returns for the estate; and (vii) prepared the instant Application.

**Basis for the Relief Requested**

46.     Applicant respectfully submits that an examination of the specific services rendered on behalf of the Trustee in light of the applicable statutory provisions and case law demonstrate that this Application should be granted.

**F.     The Request for a Final Compensation Should Be Approved**

47.     Pursuant to Section 330 of the Bankruptcy Code, after notice and a hearing the Bankruptcy Court may award a professional person employed under Section 327 "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. §§ 330(a)(1)(A) and (B).  The statute further provides that:

> [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent and the value of such services, taking into account all relevant factors, including:
>
> a.     the time spent on such services;
>
> b.     the rates charged for such services;
>
> c.     whether such services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;
>
> d.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and
>
> e.     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

48.     To determine whether an allowance of interim compensation and reimbursement of expenses is warranted under Section 330 of the Bankruptcy Code, the Court must inquire into the following three general areas:

a.    Are the services that are the subject of the [A]pplication properly compensable as legal services?

b.    If so, were they necessary and is the performance of necessary tasks adequately documented?

c.    If so, how will they be valued?  Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citing In re Wildman, 72 B.R. 700, 704-05 (Bankr. N.D. Ill. 1987) and In re Shades of Beauty, Inc., 56 B.R. 946 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988)). See, also, In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge properly examined time entries to determine "(1) whether the services were adequately documented and (2) whether they were actual and necessary.").

### i.    **Properly Compensable Legal Services**

49.    The services rendered by Applicant, as outlined above, are legal services and are properly compensable as such. In making this determination, "the threshold question should be whether the services performed were those which one not licensed to practice law could properly perform for another for compensation." In re Shades of Beauty, Inc., 56 B.R. at 949.

50.    As described more fully above, Applicant performed legal services relating to discrete legal tasks. The services for which Applicant seeks compensation "are not those generally performed by a trustee without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

### ii.    **Necessary and Actual Services**

51.    The legal services performed by LH&M were also "actual" and "necessary" within the meaning of section 330(a)(1) of the Bankruptcy Code. See 11 U.S.C. § 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for

actual, necessary services rendered . . . ."); see, also, In re Wildman, 72 B.R. at 707-08 ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary.").  As the detailed time records indicate, Applicant "actually" performed the legal services for which it is now seeking compensation. See In re Wildman, 72 B.R. at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.

52.     It is incumbent on the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as (1) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (2) the extent the estate will suffer if the services are not rendered; and (3) the extent the estate may benefit if the services are rendered and the likelihood of the disputed issues being resolved successfully. See In re Wildman, 72 B.R. at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.  Here, all of the services performed by Applicant were necessary and beneficial to the Debtor's estate.  Applicant performed services necessary for the Trustee to administer this case and to perform his statutory duties.

53.     Based on the above, as well as the detailed time records annexed to this Application, Applicant respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Trustee were rendered and that such services were "actual" and "necessary."

### iii.    Value of Services/Extent of Compensation

54.     Applicant provided the Trustee with effective and competent representation at a reasonable cost.  The discovery, litigation and settlement discussion phases of the Adversary Proceeding were rather lengthy in this case.  Applicant and the Trustee conferred and elected to pursue a settlement of the estate's claims.

55.     In determining the value of legal services and the extent of compensation, this Court should consider whether the tasks were performed within a reasonable number of hours;

whether the requested hourly rate was reasonable; and the cost of comparable services other than in a case under the Bankruptcy Code. See In re Wiedau's, Inc., 78 B.R. 904, 909 (Bankr. S.D. Ill. 1987); In re Shades of Beauty, Inc., 56 B.R. at 951; In re Wildman, 72 B.R. at 700-01.  Legal services for which a firm seeks compensation should be judged by a "standard of economy", which rewards attorneys for "efficiency".  In re Shades of Beauty, Inc., 56 B.R. at 51-52. Applicant submits that the requested compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.  Based on all of these factors, Applicant respectfully submits that the compensation it seeks is reasonable.  See In re Wiedau's, Inc., 78 B.R. at 909 (holding the "reasonableness" of the number of hours and the hourly rate requires consideration of such factors as: the time and labor required; the skill necessary to properly perform the services; the preclusion of other employment by the attorney due to the case; time limitations imposed by circumstances; and the experience, reputation and ability of the attorney) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974) and In re Wildman, 72 B.R. at 712). See, also, In re Shades of Beauty, Inc., 56 B.R. at 951.

### G.    Reimbursement of Expenses

56.    It is respectfully submitted that the Court should also allow Applicant reimbursement for its expenses as set forth on Exhibit "C".    See In re Poseidon Pools of America, 216 B.R. at 101 ("Bankruptcy Courts . . . often allow reimbursement of expenses."). The charges for which Applicant seeks reimbursement are not included in the firm's overhead and none of the charges for which Applicant seeks reimbursement are being charged above cost to the firm. Accordingly, allowing such reimbursement will not result in an "estate [being] unnecessarily burdened, and a law firm undeservedly benefitted." See In re Croton River Club, Inc., 162 B.R. 656, 662 (Bankr. S.D.N.Y. 1993) aff'd, 162 B.R. 648 (S.D.N.Y. 1993).    Rather, Applicant is asking only to be reimbursed for its actual out-of-pocket expenses.    On that basis, reimbursement for the requested expenses is appropriate and should be allowed.

### Conclusion

57.    Applicant submits that its services rendered in the instant case were handled reasonably expeditiously based upon the circumstances and were beneficial to the estate. Applicant was diligent and persistent in its efforts to pursue assets for the benefit of the estate and its creditors.    As a result of Applicant's efforts, it is anticipated that there will be a reasonable distribution to those creditors holding allowed claims.    Consequently, Applicant believes that the services it has rendered in the instant case were not only efficient and economical based on the circumstanced herein, but also financially beneficial to the estate and its creditors.

58.    Accordingly, Applicant seeks final fees in the amount of $36,714.27, together with reimbursement of disbursements in the amount of $1,785.73, for a total award of

$38,500.00.[4]  No agreement or understanding exists between Applicant and any other person for the sharing of compensation received for services rendered in connection with the representation of the Trustee.

59.     No division of compensation will be made by Applicant and no action prohibited by Section 504 of the Bankruptcy Code has been made or will be made by Applicant.

60.     No prior application has been made to this or any other Court for the relief requested herein.

**WHEREFORE**, Applicant requests the entry of an Order awarding a final allowance for compensation for services rendered to the Trustee in the amount of $36,714.27, together with reimbursement of disbursements in the amount of $1,785.734, for a total final award of $38,500.00, and for such other, further and different relief as this Court may seem just and proper.

Dated: October 14, 2014
   Wantagh, New York

            **LaMonica Herbst & Maniscalco, LLP**
            Attorneys for the Chapter 7 Trustee


      By:  ***s/ David A. Blansky***
         David A. Blansky, Esq.
         Jordan Pilevsky, Esq.
         3305 Jerusalem Avenue
         Wantagh, New York 11793
         (516) 826-6500

*M:\Documents\Company\Cases\Camacho, Marlene & Diego\Fee App\LH&M Fee Application.docx*

---

[4]  Applicant has rendered services to the Trustee valued at $59,455.00.  However, Applicant has voluntarily reduced its request for final fees to $36,714.27, plus the reimbursement of expenses, in order to provide a greater distribution to creditors.

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, NY 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                                    Chapter 7

MARLENE CAMACHO                                     Case No. 12-43472 (CEC)
and DIEGO CAMACHO,

                         Debtors.
-------------------------------------------------------------x

To:    **The Honorable Carla E. Craig**
       **Chief United States Bankruptcy Judge**
       **United States Bankruptcy Court**
       **Eastern District of New York:**

In accordance with Administrative Order M-447 dated January 29, 2013 (the "**Amended Guidelines**"), David A. Blansky, Esq., a partner of LaMonica Herbst & Maniscalco, LLP ("**LH&M**"), counsel to Gregory Messer, Esq., the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of Marlene Camacho and Diego Camacho (the "**Debtors**"), hereby certifies with respect to LH&M's final application for allowance of compensation and reimbursement of expenses for the period September 11, 2012 through October 14, 2014 (the "**Application**"), as follows:

1.      I am the "Certifying Professional" as defined in the Amended Guidelines.

2.      I have read the Application, and certify that to the best of my knowledge, information and belief, formed after reasonable inquiry, except as specifically indicated to the contrary, (a) the Application complies with the Amended Guidelines, (b) the fees and disbursements sought by LH&M in the Application fall within the Amended Guidelines, (c) the

fees and disbursements sought by LH&M, except to the extent prohibited by the Amended Guidelines, are billed at rates, and in accordance with practices, customarily employed by LH&M and generally accepted by LH&M's clients; and (d) in providing a reimbursable service, LH&M does not make a profit on the service, whether the service is performed by LH&M in-house or through a third party.

3.      The Trustee was provided with a statement containing a list of the professionals performing services, their respective billing rates, the aggregate hours spent by each professional, a general description of the services rendered and a reasonably detailed breakdown of the disbursements incurred.

4.      The Trustee was provided with a copy of the Application at least 14 days before the scheduled return date on the Application.

Dated: October 14, 2014
        Wantagh, New York

                                LaMonica Herbst & Maniscalco, LLP
                                Attorneys for the Chapter 7 Trustee


                        By:     *s/ David A. Blansky*
                                David A. Blansky, Esq.
                                Jordan Pilevsky, Esq.
                                3305 Jerusalem Avenue
                                Wantagh, New York 11793
                                (516) 826-6500


*M:\Documents\Company\Cases\Camacho, Marlene & Diego\Fee App\Certification.doc*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

MARLENE CAMACHO and DIEGO CAMACHO,

               Debtors.

-------------------------------------------------------------------x

Chapter 7
Case No: 12-43472-CEC

### ORDER APPROVING EMPLOYMENT OF
### LAMONICA HERBST & MANISCALCO, LLP
### <u>AS ATTORNEYS FOR THE TRUSTEE</u>

Upon the consideration of the application (the "Application") of Gregory Messer, Esq., the

Chapter 7 Trustee (the "Trustee") of the estate of Marlene Camacho and Diego Camacho (the

"Debtors"), seeking authority to employ LaMonica Herbst & Maniscalco, LLP ("LH&M") to

represent the Trustee under a general retainer as his attorneys, and upon the affidavit of Gary F.

Herbst, Esq., a member of LH&M, (the "Affidavit"), which is attached to the Application, and it

appearing that: (i) the employment of LH&M is necessary and would be in the best interests of the

estate; (ii) LH&M is a "disinterested person" as that term is defined in Section 101(14) of the

Bankruptcy Code; and (iii) LH&M is a firm duly qualified to practice in the Courts of the State of

New York and before this Court and that the firm represents no interest adverse to this estate, and

no adverse interest appearing thereto and no additional notice being required, it is hereby

**ORDERED**, that in accordance with Section 327 of the Bankruptcy Code, LH&M is

authorized and empowered to represent the Trustee as his attorneys effective as of September 5,

2012, under a general retainer; and, it is further

**ORDERED**, that no compensation or reimbursement of expenses shall be paid to LH&M for professional services rendered to the Trustee, except upon proper application and by further order of this Court.

NO OBJECTION:


_/s/  Marylou Martin    11/26/12 ___
Office of the United States Trustee



Dated: Brooklyn, New York
December 6, 2012

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

EXHIBIT "B"

# LaMonica Herbst & Maniscalco, LLP

3305 Jerusalem Avenue
Wantagh, NY 11793
516-826-6500

Invoice submitted to:
Gregory Messer, Chapter 7 Trustee
Law Offices of Gregory Messer, PLLC
26 Court Street
Brooklyn, NY 11242


Invoice Date: November 07, 2014
In Reference To:  Marlene Camacho &
                  Diego Camacho
                  Case No. 12-43472-cec
                  Chapter 7
Invoice #  20101

Professional services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| **Adversary Proceeding 1** |  |  |  |  |
| 10/22/2012 | JP | E-Mail from David Blansky re commencing adversary proceeding | 0.10 |  |
| 11/12/2012 | DAB | Conference with Jordan Pilevsky re title history and adversary proceeding complaint | 0.30 |  |
| 11/13/2012 | JP | Prepare complaint | 2.00 |  |
| 11/14/2012 | JP | Conference with Gary Herbst re commencing adversary proceeding and case background | 0.30 |  |
|  | JP | Prepare complaint and finalize | 3.00 |  |
|  | JP | Revise complaint | 0.50 |  |

Gregory Messer, Chapter 7 Trustee

| | | | Hours | Amount |
|---|---|---|---|---|
| 11/20/2012 JP | | Conference with Gary Herbst re fraudulent conveyance complaint | 0.20 | |
| 11/21/2012 JP | | Prepare adversary cover sheet; Finalize complaint; Electronically file complaint and cover sheet | 0.60 | |
| 12/24/2012 JP | | Review Adversary proceeding docket re answer deadline and calendar same | 0.10 | |
| 1/2/2013 JP | | Review Court's docket re post answer deadline and upcoming pretrial conference | 0.10 | |
| 1/14/2013 JP | | Prepare for initial pre-trail conference | 0.80 | |
| 1/15/2013 JP | | Appear at pre-trial conference and Conference with defense counsel re merits of litigation | 2.00 | |
| 1/18/2013 JP | | E-Mail to Karam Dahiya re litigation protocol | 0.10 | |
| 1/30/2013 JP | | Receive request from counsel re extension of time to answer complaint | 0.10 | |
| 2/8/2013 DAB | | Conference with Jordan Pilevsky re adversary proceeding and motion to extending time (x2) | 0.30 | |
| 2/12/2013 JP | | Prepare for and appear at second pretrial conference | 4.00 | |
| 3/5/2013 JP | | Review Jorge answer and Natasha answer and "mark up" complaint | 1.00 | |
| 3/14/2013 JP | | Appear at status conference re adversary proceeding, motion to extend time to object to discharge and in opposition to motion to convert | 6.00 | |

Gregory Messer, Chapter 7 Trustee                          Page   3

|                |     |                                                                                                                                                                         | Hours | Amount |
|----------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 4/10/2013      | JP  | E-Mail to Karam Dahiya re settlement, evidentiary hearing and exhibits and review dates in scheduling order                                                                               | 0.20  |        |
|                | JP  | E-Mail from Dahiya re request for breakdown of administrative fees                                                                                                                         | 0.10  |        |
| 5/20/2013      | JP  | E-Mails to and from Karam re loan application and commitment letter                                                                                                                        | 0.10  |        |
| 6/13/2013      | DAB | E-Mail to Dahia re status of loan                                                                                                                                                          | 0.10  |        |
| 6/26/2013      | JP  | Conference with David Blansky re debtor's loan application process and evidence of same                                                                                                    | 0.10  |        |
|                | DAB | Conference with Jordan Pilevsky re status; Telephone call to counsel re status                                                                                                             | 0.10  |        |
| 10/31/2013     | JP  | Conference with David Blansky re remedies to estate if no settlement                                                                                                                       | 0.10  |        |
|                | JP  | E-Mail to Karam re status of loan approval                                                                                                                                                 | 0.10  |        |
| 11/5/2013      | JP  | E-Mail to Navreet re mortgage status                                                                                                                                                       | 0.10  |        |
| 1/13/2014      | DAB | Conference with Jordan Pilevsky re stipulation; E-Mail with Dahiya re settlement, sale and hearing (x4); Prepare first draft and finalize letter to court requesting adjournment            | 0.50  |        |
| 2/28/2014      | DAB | E-Mail with debtor and Debtor's counsel re stipulation of settlement                                                                                                                       | 0.10  |        |

Gregory Messer, Chapter 7 Trustee                                    Page    4

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 3/5/2014 | DAB | Conference with Jordan Pilevsky re appearance; Telephone call and E-Mail with client re status | 0.20 | |
| 4/30/2014 | JP | Conference with David Blansky re summary judgment and further discovery | 0.50 | |
| | JP | Conduct insolvency analysis | 1.50 | |
| 5/1/2014 | JP | Meeting with Gary Herbst and David Blansky re strategy | 0.90 | |
| 5/21/2014 | JP | Conference with David Blansky re sale of real property | 0.10 | |
| | JP | E-Mail to Karam requesting contract of sale and Natasha affidavit | 0.10 | |
| | JP | Telephone call from Trustee re status conference | 0.10 | |
| 5/29/2014 | JP | Conference with David Blansky re strategy and summary judgment motion | 0.20 | |
| | JP | Telephone call from Trustee re settlement | 0.10 | |
| 6/6/2014 | JP | Review Natasha affidavit; E-Mail to David Blansky re same | 0.20 | |
| 6/18/2014 | DAB | Telephone call with Trustee re pretrial conference and status; E-Mail with Gary Herbst re same | 0.10 | |
| 7/21/2014 | DAB | Conference with Jordan Pilevsky re status; E-Mail with counsel re same | 0.10 | |
| 7/23/2014 | DAB | E-Mail with counsel re pretrial conference; Telephone call with Trustee re same | 0.10 | |

Gregory Messer, Chapter 7 Trustee

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 7/23/2014 | JP | E-Mail to David Blansky re strategy, dispositive motion and pretrial conference | 0.10 | |
| 7/24/2014 | JP | Appear at pretrial conference | 1.00 | |
| 7/31/2014 | JP | Telephone call from Trustee re execution of settlement stipulation | 0.10 | |
| 8/4/2014 | JP | Review Pioneer Abstract title report and E-Mail to Trustee with comments | 0.50 | |
| 8/8/2014 | JP | Telephone call from Trustee re Karam's new demands | 0.10 | |
| 9/4/2014 | DAB | Conference with Jordan Pilevsky re pretrial conference; E-Mail with Jordan Pilevsky re same | 0.10 | |
| 9/5/2014 | JP | Telephone call with Trustee re settlement terms and trial | 0.10 | |
| | JP | E-Mails to and from Gary Herbst re settlement terms and trial | 0.10 | |
| | DAB | E-Mail and conference with Jordan Pilevsky re settlement | 0.20 | |
| 9/11/2014 | DAB | E-Mail and Conference with Jordan Pilevsky re settlement | 0.10 | |
| | JP | E-Mails to and from Dahiya re trial | 0.10 | |
| 9/12/2014 | JP | Prepare final stipulation of settlement | 1.50 | |
| | DAB | Revise stipulation of settlement; Conference with Jordan Pilevsky re fees, accountant retention and canceling 297-a notice | 0.20 | |

Gregory Messer, Chapter 7 Trustee                                    Page   6

|              |     |                                                                                          | Hours | Amount     |
|--------------|-----|------------------------------------------------------------------------------------------|-------|------------|
| 9/23/2014    | JP  | Review defendant's 9019 motion                                                            | 0.40  |            |
| 9/24/2014    | DAB | Telephone call with chambers re trail location and settlement; E-Mail with counsel re same | 0.10  |            |
| 10/2/2014    | JP  | E-Mail from David Blansky re status and trial mark off                                     | 0.10  |            |
| 10/8/2014    | DAB | Telephone call with Chambers re telephonic appearance on 9019 motion                       | 0.10  |            |
| 10/9/2014    | DAB | Prepare for and telephonic appearance on 9019 motion                                       | 1.00  |            |
| 10/27/2014   | JP  | Review conformed order re 9019 settlement                                                  | 0.20  |            |

|              |     | SUBTOTAL:                              | [    | 33.40 | 11,247.50] |
|--------------|-----|----------------------------------------|------|-------|------------|

Case Admin

|              |     |                                                                                                                    | Hours |
|--------------|-----|--------------------------------------------------------------------------------------------------------------------|-------|
| 9/11/2012    | DM  | Download print and save petition, schedules and docket to case file; created file folder and new file memo          | 0.40  |
| 10/22/2012   | DAB | Telephone call with Gary Herbst re fraudulent conveyance claim and need for lis penders; E-Mail with Jordan Pilevsky re same. | 0.10  |
| 10/25/2012   | JP  | Review docket re discharge deadline and calendar same                                                               | 0.10  |
| 11/9/2012    | JP  | Review file, petition, schedules and related documents; memo to file re same                                        | 3.00  |
| 1/21/2013    | JP  | Conference with Gary Herbst re defendant's debts and liabilities                                                    | 0.10  |

Gregory Messer, Chapter 7 Trustee                              Page   7

|  |  | | Hours | Amount |
|---|---|---|---|---|
| 2/1/2013 | JP | Conference with Gary Herbst and case status | 0.10 | |
| 2/8/2013 | JP | Conference with David A. Blansky re objection to discharge deadline | 0.20 | |
| 2/11/2013 | JP | Conduct legal research re absolute right to convert to Chapter 13 | 1.50 | |
| 3/5/2013 | DS | Discuss and review schedules I & J with Jordan Pilevsky | 0.40 | |
| 4/12/2013 | DAB | Conference with Gary Herbst and Jordan Pilevsky re upcoming trial on conversion | 0.30 | |
| 4/19/2013 | JP | Memo to file re status | 0.20 | |
| 4/30/2013 | DS | Discuss ch 13 with Jordan Pilevsky. Prepare hypothetical means tests and budgets to see if debtors qualify for a ch 13. Review same with Jordan Pilevsky | 1.00 | |
| | JP | Conduct Chapter 13 means test and eligibility analysis | 1.00 | |
| | DAB | Meeting with Jordan Pilevsky re hearing preparation; Prepare for hearing; Research re burden of proof | 2.50 | |
| 5/7/2013 | DAB | Conference with counsel re status of refi; E-Mail with Jordan Pilevsky re same | 0.10 | |
| 6/3/2013 | DAB | E-Mail with counsel re 727 extension and status | 0.10 | |
| 6/4/2013 | DS | Conform, pdf and save stipulation extending time to object to debtor's discharge to 8/9/13. Electronically file and upload same calendar date | 0.40 | |

Gregory Messer, Chapter 7 Trustee                          Page   8

|            |     |                                                                                                                                                      | Hours | Amount |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 6/4/2013   | DAB | Execution and E-Mail of stipulation extending 727 deadline to debtor's counsel                                                                        | 0.10  |        |
| 6/13/2013  | JP  | E-Mails to and from David Blansky re status of debtor's loan application                                                                              | 0.10  |        |
| 6/19/2013  | DS  | Save stipulation extending time to object to discharge to 9/13/13                                                                                     | 0.10  |        |
|            | JP  | Review conformed stipulation extending discharge deadline                                                                                             | 0.10  |        |
| 6/28/2013  | DAB | E-Mail with counsel, Jordan Pilevsky and Trustee re hearing and status; review of mortgage broker letter; E-Mail with client and Jordan Pilevsky re same | 0.20  |        |
|            | DAB | Telephone call with Chambers re adjournment of hearing                                                                                                | 0.10  |        |
| 7/1/2013   | DAB | Revise and finalize letter adjourning hearing; Conference with Jordan Pilevsky re same                                                                | 0.10  |        |
| 7/22/2013  | DAB | E-Mail with defendant's counsel and Jordan Pilevsky re settlement and hearing                                                                         | 0.10  |        |
| 7/23/2013  | DAB | E-Mail with counsel re settlement and loan status                                                                                                     | 0.10  |        |
| 8/1/2013   | DAB | E-Mail with counsel re status and hearing                                                                                                             | 0.10  |        |
| 8/2/2013   | DAB | Telephone call with and E-Mail with counsel re hearing; Telephone call with Chambers re same                                                          | 0.20  |        |

Gregory Messer, Chapter 7 Trustee                                        Page   9

|              |     |                                                                                                                                 | Hours | Amount |
|--------------|-----|---------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 8/5/2013     | DAB | Telephone call with Trustee re adjournment of hearing; E-Mail with counsel re letter of adjournment                              | 0.10  |        |
| 8/6/2013     | JP  | E-Mails to and from David Blansky re evidentiary hearing, Debtor's loan application and status                                   | 0.10  |        |
| 9/9/2013     | DAB | E-Mail with paralegal re 727 extension; Revise and E-Mail same to counsel                                                        | 0.10  |        |
| 9/11/2013    | DAB | E-Mail with counsel re extension of discharge deadline                                                                           | 0.10  |        |
| 9/12/2013    | DS  | Conform, pdf and save stipulation extending time to object to debtors' discharge. Electronically file and upload same            | 0.30  |        |
|              | JP  | Conference with David Blansky re adjournment                                                                                     | 0.10  |        |
|              | DAB | E-Mail with Debtor's counsel re stipulation; Execute stipulation and conference with paralegal re electronic filing of same      | 0.10  |        |
| 9/13/2013    | DAB | E-Mail with counsel re status and hearing                                                                                        | 0.10  |        |
| 9/16/2013    | DAB | E-Mail with counsel re adjournment                                                                                               | 0.10  |        |
| 9/19/2013    | DS  | Download, print and save stipulation extending time to object to debtors' discharge. Calendar same                              | 0.10  |        |
| 10/1/2013    | JP  | Telephone call with David Blansky re evidentiary hearing                                                                         | 0.10  |        |

Gregory Messer, Chapter 7 Trustee

| | | | Hours | Amount |
|---|---|---|---|---|
| 10/15/2013 | DAB | E-Mail with and telephone call to counsel for Debtor re conversion motion and loan commitment | 0.10 | |
| 10/16/2013 | DAB | Telephone call with counsel re hearing (x2); Conference with Jordan Pilevsky re same; Telephone call with chambers re same | 0.30 | |
| 10/17/2013 | JP | Conference with David Blansky re adjourned evidentiary hearing | 0.10 | |
| 11/7/2013 | DAB | E-Mail with counsel, Jordan Pilevsky and Gary Herbst re extending time and settlement | 0.10 | |
| 11/8/2013 | JP | E-Mails to and from Karam Dahiya re discharge deadline and global resolution | 0.10 | |
| 11/13/2013 | DAB | Conference with Jordan Pilevsky re 727 extension and hearing | 0.10 | |
| 11/19/2013 | DAB | Telephone call to and E-Mail with counsel re pending matters (x3) | 0.10 | |
| 11/20/2013 | JP | Telephone call from Chambers re adjournment of conversion hearing | 0.10 | |
| | JP | E-Mail to Karam Dahiya and electronically file letter re adjournment of evidentiary hearing | 0.20 | |
| 1/14/2014 | DAB | Telephone call with chambers re adjournment of hearing; Finalize letter of adjournment | 0.10 | |
| 1/16/2014 | DAB | E-Mail with Debtor's counsel re sale | 0.10 | |

Gregory Messer, Chapter 7 Trustee                                    Page 11

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 1/21/2014 | JP | Telephone call from Trustee re grandchildren representation | 0.10 | |
| | JP | Telephone call to Anthony Corno re grandchildren interest in real property | 0.10 | |
| 1/27/2014 | JP | Conference with David Blansky re extending discharge deadline | 0.10 | |
| 1/31/2014 | DS | Respond to E-Mail from Jordan Pilevsky re status of stipulation extending time to object to debtor's discharge | 0.10 | |
| | DS | Conform, pdf and save stipulation extending time to object to debtor's discharge; Electronically file and upload same; Calendar new date | 0.40 | |
| | JP | Conference with David Blansky re discharge extension | 0.10 | |
| | DAB | E-Mail and telephone call to counsel for debtor re extension of 727; Conference with Jordan Pilevsky re same | 0.20 | |
| 2/7/2014 | DS | Download and save conformed stipulation extending to object to debtors' discharge to 5/2/14 | 0.10 | |
| 2/12/2014 | JP | Telephone call from Anthony Caronna re sale of property | 0.30 | |
| | JP | Receive and review letter from Carona re real property; Conference with David Blansky re same | 0.20 | |

Gregory Messer, Chapter 7 Trustee

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 2/12/2014 DAB | Conference with Gary Herbst and Jordan Pilevsky re case | | 0.20 | |
| 2/24/2014 JSM | Review case status and discuss litigation strategy issues | | 0.20 | |
| 3/5/2014 JP | Telephone call from Trustee re status | | 0.10 | |
| JP | Conference with David Blansky re appearance | | 0.10 | |
| JP | Conference with Trustee re appearance | | 0.10 | |
| 3/6/2014 DAB | Telephone call with Jordan Pilevsky re strategy for hearing and outcome of hearing | | 0.30 | |
| 4/1/2014 JP | Conference with Karam Dahiya re new contract of sale | | 0.10 | |
| 5/1/2014 JP | Prepare stipulation extending discharge deadline | | 0.30 | |
| 5/2/2014 DS | Conform, pdf and save stipulation extending time to object to the debtors' discharge to August 31, 2014. Calendar date to object to the debtor's discharge | | 0.30 | |
| 5/16/2014 DAB | E-Mail with Jordan Pilevsky re inquiry by counsel to other beneficiaries | | 0.10 | |
| 5/29/2014 DAB | Telephone call with Trustee re status and conference with Jordan Pilevsky re same | | 0.10 | |
| 6/11/2014 JP | Conference with David Blansky re debtor's response | | 0.20 | |

Gregory Messer, Chapter 7 Trustee

Page 13

| | | | Hours | Amount |
|---|---|---|---|---|
| 7/3/2014 | JP | Memo to file re updated status | 0.10 | |
| 7/23/2014 | JP | Review Karam letter re hearing and sale | 0.10 | |
| 8/1/2014 | JP | Miscellaneous E-Mails with Karam re clearing liens | 0.20 | |
| 8/28/2014 | JP | Conference with Gary Herbst re discharge deadline | 0.10 | |
| | JP | E-Mail to Dahiya re discharge deadline | 0.10 | |
| 8/29/2014 | JP | E-Mail to Karam re Motion to extend discharge deadline | 0.10 | |
| 9/2/2014 | JP | Telephone call with Melanie FitzGerald re calendaring and appearance at pretrial conference | 0.10 | |
| | JP | Conference with David Blansky re strategy | 0.20 | |
| 9/3/2014 | JP | Conference with Gary Herbst re status | 0.20 | |
| 9/11/2014 | JP | Telephone call from Trustee re status | 0.10 | |
| | JP | Download, save and review conformed order re trial | 0.10 | |
| 10/6/2014 | DAB | Telephone call to Chambers re telephonic appearance on 9019 motion; Telephone call with Trustee re accountant selection; E-Mail with Jordan Pilevsky re same | 0.10 | |
| 10/13/2014 | JP | Finalize fee application | 1.00 | |
| 10/22/2014 | JP | Memo to file re status | 0.10 | |
| | | SUBTOTAL: | [ 21.90 | 7,360.00] |

Gregory Messer, Chapter 7 Trustee                          Page  14

|  |  |  | Hours | Amount |
|---|---|---|---|---|

### Claims Objections&Resolutions

| 1/15/2013 | DS | Review total claims filed and bar date for Jordan Pilevsky | 0.10 | |
| 1/16/2013 | JP | Conduct claims analysis | 0.60 | |
| | SUBTOTAL: | | [    0.70 | 192.50] |

### Discovery/Subpoena Compliance

| 2/5/2013 | JP | E-Mails to and from Karam re discovery | 0.10 | |
| 4/15/2013 | JP | Meeting with David A. Blansky re documentary evidence to submit re case in Chief and on cross examination | 0.40 | |
| | JP | Prepare letter to counsel with evidence exchange | 0.20 | |
| | JP | Review evidence exchange and excise certain documents | 1.50 | |
| 3/10/2014 | JP | Conference with David Blansky re discovery demands | 0.10 | |
| 3/11/2014 | JP | Begin document demand of defendant Jorge H. Caicedo | 0.40 | |
| 3/12/2014 | JP | E-Mail to Karam Dahyia re stipulation and order re discovery | 0.10 | |
| | JP | E-Mails to and from David Blansky re lack of response from Dohiya | 0.10 | |
| 3/14/2014 | JP | Prepare notice of settlement of order re discovery and draft order | 0.50 | |
| 3/20/2014 | JP | Prepare Notice of Deposition with schedule of documents re Jorge H. Caicedo | 0.60 | |

Gregory Messer, Chapter 7 Trustee                                    Page  15

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 3/20/2014 | JP | Prepare Notice of Deposition with schedule of documents re Natasha Caicedo | 0.60 | |
| | JP | Prepare subpoena with schedule of documents re debtor Marlene | 0.60 | |
| 3/21/2014 | JP | Revise document demands of defendants and debtor | 0.50 | |
| | JP | Prepare and forward cover letter to Diego re subpoena | 0.20 | |
| | DAB | Conference with Jordan Pilevsky re discovery | 0.10 | |
| 3/27/2014 | JP | Download and review conformed discovery order and calendar relevant dates | 0.20 | |
| 4/4/2014 | JP | E-Mail to Karam Dahiya re discovery; Conference with David Blansky re same | 0.10 | |
| 4/25/2014 | JP | Prepare Rule 37 letter re non-compliance with discovery | 1.50 | |
| | DAB | Conference with Jordan Pilevsky re upcoming deposition and letter to counsel | 0.10 | |
| 4/29/2014 | JP | Conference with Gary Herbst re discovery | 0.20 | |
| | DAB | Conference with Gary Herbst and Jordan Pilevsky re discovery | 0.20 | |
| 5/1/2014 | JP | Telephone call with Dahiya re discovery disputes | 0.30 | |
| | JP | Prepare stipulation extending discovery | 0.30 | |
| | DAB | Conference with Gary Herbst and Jordan Pilevsky re discovery and adversary proceeding | 0.90 | |
| 5/2/2014 | DS | Conform, pdf and save stipulation and order extending discovery in adversary proceeding | 0.30 | |

|                |     |                                                                                              | Hours | Amount |
|----------------|-----|----------------------------------------------------------------------------------------------|-------|--------|
|                |     | Messer v. Calcedo to June 6, 2014. Electronically file stipulation and upload to chambers. Calendar discovery date |       |        |
| 5/8/2014       | JP  | E-Mail to Trustee re deposition schedule                                                     | 0.10  |        |
| 5/9/2014       | JP  | E-Mails to and from Trustee re deposition dates                                              | 0.10  |        |
|                | JP  | E-Mails to and from Dahiya re deposition dates                                               | 0.10  |        |
| 5/12/2014      | JP  | Download, review and save order extending discovery                                          | 0.10  |        |
|                | JP  | E-Mail to Karam re depositions and responsive documents                                      | 0.10  |        |
|                | DAB | E-Mail with Jordan Pilevsky and counsel re depositions                                       | 0.10  |        |
| 5/13/2014      | JP  | Meeting with David Blansky re deposition of the Trustee                                       | 0.20  |        |
|                | JP  | E-Mail to Karam Dahiya re deposition schedule                                                | 0.20  |        |
| 5/15/2014      | JP  | Telephone call from Karam Dahiya re deposition                                               | 0.10  |        |
|                | JP  | E-Mail to Karam Dahiya re deposition                                                         | 0.10  |        |
|                | JP  | Telephone call to Trustee re deposition scheduled                                            | 0.10  |        |
| 5/19/2014      | DAB | Conference with Jordan Pilevsky and Gary Herbst re deposition; Telephone call with Trustee re same | 0.50  |        |
|                | JP  | Conference with David Blansky and Gary Herbst re preparation of Trustee for deposition        | 0.20  |        |
|                | JP  | Conference with David Blansky re testimony to solicit examination before trials              | 0.50  |        |

Gregory Messer, Chapter 7 Trustee                                    Page  17

|              |      |                                                                                                                                                                                                                   | Hours | Amount |
|--------------|------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 5/19/2014    | JP   | Prepare for examination before trial of Marlene and Jorge Caicedo                                                                                                                                                  | 3.00  |        |
| 5/20/2014    | JP   | Conduct deposition of Marlene Camacho                                                                                                                                                                               | 2.30  |        |
|              | JP   | Prepare for deposition of Marlene Camacho                                                                                                                                                                           | 0.50  |        |
|              | JP   | Conduct deposition of Jorge Caicedo                                                                                                                                                                                 | 1.00  |        |
|              | JP   | Prepare for deposition of Jorge Caicedo                                                                                                                                                                             | 0.50  |        |
|              | JP   | Participate in deposition of Trustee                                                                                                                                                                                | 0.40  |        |
|              | DAB  | Telephone call with Gary Herbst and Jordan Pilevsky re depositions and translator; Telephone call with reporting agency re translator; E-Mail with Greg Messer and Jordan Pilevsky re same; Telephone call with Jordan Pilevsky re debtor deposition | 0.50  |        |
|              | DAB  | Appearance to defend Trustee deposition; Prepare of client; Conference with counsel re settlement; E-Mail with reporter re transcript                                                                                | 4.50  |        |
| 6/11/2014    | JP   | Prepare letter to Dahiya re Jorge transcript                                                                                                                                                                        | 0.20  |        |
|              | JP   | Prepare letter to Dahiya re Camacho transcript                                                                                                                                                                      | 0.20  |        |

SUBTOTAL:                                        [      25.70   10,095.00]

Gregory Messer, Chapter 7 Trustee                          Page 18

|            |      |                                                             | Hours | Amount |
|------------|------|-------------------------------------------------------------|-------|--------|

### Document Production and Review

| 4/12/2013 | DAB | Review of documents provided by Jordan Pilevsky | 0.50 | |

| | SUBTOTAL: | | [ | 0.50 | 225.00] |

### Fee Application

| 9/12/2014 | JP | Conference with David Blansky re distribution and fee reduction | 0.30 | |
| | JP | Revise LH&M pre-bill in accordance with US Trustee guidelines | 1.30 | |
| | JP | Prepare fee application | 1.50 | |
| 9/15/2014 | JP | Prepare LH&M final fee application | 4.00 | |
| | JP | E-Mail to Gary Herbst re breakdown of fees and distribution | 0.20 | |
| | JP | Prepare LH&M certification according to US Trustee amended guidelines | 0.40 | |
| 9/18/2014 | DAB | Revise fee application; Conference with Jordan Pilevsky re same | 0.20 | |

| | SUBTOTAL: | | [ | 7.90 | 2,982.50] |

### Motions

| 11/13/2012 | JP | Prepare stipulation extending Trustees time re discharge and forward same to Narissa Joseph | 0.40 | |
| 2/8/2013 | GFH | Telephone call with Jordan Pilevsky re motion to convert | 0.20 | |

Gregory Messer, Chapter 7 Trustee                                    Page 19

|               |     |                                                                                          | Hours | Amount |
|---------------|-----|------------------------------------------------------------------------------------------|-------|--------|
| 2/8/2013      | JP  | Prepare and file motion to extend time re discharge and proposed order                    | 2.50  |        |
| 2/11/2013     | JP  | Conference with Gary Herbst re status conference, conversion motion and amended schedules | 0.40  |        |
| 3/5/2013      | JP  | Prepare opposition to Debtor's conversion motion                                          | 5.00  |        |
|               | JP  | Research absolute right to convert and conduct Chapter 13 means test analysis             | 1.50  |        |
| 3/6/2013      | JP  | Finalize opposition to conversion motion and effectuate service of same                   | 3.50  |        |
| 3/20/2013     | JP  | Conference with Gary Herbst re evidentiary hearing                                        | 0.10  |        |
| 4/12/2013     | JP  | Conference with David Blansky and Gary Herbst re strategy and evidentiary hearing         | 0.40  |        |
|               | JP  | Prepare evidence, exhibits and trial memo in preparation for evidentiary hearing          | 3.00  |        |
| 4/15/2013     | DAB | Meeting with Jordan Pilevsky re hearing exhibits; review of ACRIS records and docket      | 1.00  |        |
| 4/17/2013     | DAB | Conference with Jordan Pilevsky re conversion hearing and witnesses                       | 0.20  |        |
|               | JP  | E-Mail to Karam Dahiya re Trustee objection to submission of debtor's evidence            | 0.10  |        |

Gregory Messer, Chapter 7 Trustee                              Page 20

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 4/18/2013 | DAB | Conference with Jordan Pilevsky re hearing preparation and prospective motion in limine | 0.10 |  |
|  | JP | Conference with David Blansky re evidentiary hearing | 0.20 |  |
| 4/24/2013 | DAB | Conference with Jordan Pilevsky re pre hearing statement and exhibits | 0.30 |  |
|  | DAB | Revise pre-trial statement | 0.30 |  |
|  | JP | Prepare pretrial statement and Conference with David A. Blansky re same | 5.00 |  |
| 4/25/2013 | DAB | Revise and finalize pre-trial statement | 0.20 |  |
| 4/26/2013 | DAB | E-Mail and Telephone call with Jordan Pilevsky re scheduling of hearing and providing notice | 0.10 |  |
|  | JP | E-Mail to Karam re advancement of hearing | 0.10 |  |
|  | JP | Telephone call from Chambers re advancement of hearing | 0.10 |  |
|  | JP | Prepare and forward letter to Dahiya re hearing advancement; E-Mail same and electronically file same | 0.40 |  |
| 4/29/2013 | JP | Conduct legal research re Ch. 13 plan payments, 11 USC 348 and 1325 | 1.50 |  |
|  | JP | Prepare for evidentiary hearing on Chapter 13 conversion | 4.00 |  |
|  | DAB | E-Mail with Jordan Pilevsky re hearing preparation | 0.10 |  |

Gregory Messer, Chapter 7 Trustee                                    Page 21

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 4/29/2013 DAB | Meeting with Jordan Pilevsky re hearing preparation; Meeting with Gary Herbst re same | | 0.40 | |
| 4/30/2013 JP | Conference with Danielle Schnettler re Chapter 13 plan for debtor and eligibility | | 0.30 | |
| JP | Conduct legal research re burden of proof re confirmation of plan | | 1.50 | |
| JP | Prepare for conversion evidentiary hearing | | 3.50 | |
| DAB | Prepare for evidentiary hearing; Research re evidentiary foundations and objections | | 2.00 | |
| 5/1/2013 DAB | Prepare for and appearance at evidentiary hearing; Conference with counsel and Trustee re settlement; Meeting with Jordan Pilevsky re preparation | | 6.00 | |
| JP | Prepare for and appear at conversion settlement conference | | 5.50 | |
| 6/3/2013 JP | Prepare stipulation further extending discharge deadline through September 13, 2013; E-Mail with David A. Blansky re same | | 0.50 | |
| 7/1/2013 JP | E-Mails to and from David Blansky re evidentiary hearing adjournment | | 0.10 | |
| 9/9/2013 DS | Prepare stipulation extending time to object to the debtor's discharge through | | 0.20 | |

Gregory Messer, Chapter 7 Trustee                    Page  22

|            |     |                                                                                                                   | Hours | Amount |
|------------|-----|-------------------------------------------------------------------------------------------------------------------|-------|--------|
| 10/31/2013 | JP  | Prepare settlement stipulation                                                                                    | 2.50  |        |
|            | JP  | Review stipulation extending discharge deadline                                                                   | 0.10  |        |
|            | DS  | Prepare stipulation extending time to object to debtors' discharge from 11/12/13 to 1/31/14. E-Mail same to Jordan Pilevsky | 0.20  |        |
| 11/7/2013  | JP  | E-Mails to and from David Blansky re filing motion to extend discharge deadline                                   | 0.10  |        |
|            | JP  | E-Mail to Novreet Kapur re motion to extend discharge deadline                                                    | 0.10  |        |
| 11/18/2013 | JP  | Download, save and conform stipulation re discharge deadline                                                      | 0.10  |        |
| 1/8/2014   | DAB | Revise stipulation of settlement; Conference with Jordan Pilevsky re same                                         | 0.30  |        |
| 1/12/2014  | JP  | Revise settlement stipulation                                                                                     | 0.50  |        |
| 1/13/2014  | DAB | Revise stipulation re settlement                                                                                  | 0.20  |        |
| 1/27/2014  | JP  | Revise 727 stipulation                                                                                            | 0.20  |        |
|            | DS  | Prepare stipulation extending time to 5/2/14; E-Mail stipulation to debtor's counsel                             | 0.40  |        |
| 2/19/2014  | JP  | Revise stipulation re settlement and 363 sale of real property                                                   | 0.30  |        |
| 3/6/2014   | JP  | Prepare for and appear at status conference and hearing re conversion and liquidation of real property           | 3.50  |        |

Gregory Messer, Chapter 7 Trustee

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 3/6/2014 JP |  | Prepare discovery scheduling order and circulate to Trustee for review | 0.50 |  |
| 5/12/2014 JP |  | Download, review and save conformed stipulation re discharge extension; Calendar dates and conference with Danielle Schnettler re same | 0.20 |  |
| 6/13/2014 DAB |  | Revise and E-Mail of stipulation of settlement to debtors' claim and open questions | 0.30 |  |
| 8/1/2014 JP |  | Modify settlement stipulation; Conference with David Blansky re same and E-Mail copy to Karam for execution | 0.50 |  |
| 8/29/2014 JP |  | Prepare and electronically file motion seeking extension of discharge deadline | 1.00 |  |
| 9/19/2014 JP |  | E-Mails to and from Karam re discharge deadline; electronically file same | 0.30 |  |
| 10/1/2014 JP |  | Prepare and electronically file letter with Court re withdrawal of motion re discharge | 0.30 |  |
|  | JP | Telephone call from Karam re waiver of service | 0.10 |  |
|  | JP | E-Mails to and from David Blansky re Defendant's service of 9019 motion | 0.10 |  |
| 10/13/2014 JP |  | E-Mail from David Blansky re 9019 approval | 0.10 |  |

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| SUBTOTAL: |  |  | [    62.60 | 21,015.00] |

Gregory Messer, Chapter 7 Trustee

|  |  |  | Hours | Amount |
|---|---|---|---|---|

### Petition and Schedules

| 2/8/2013 | JP | Review defendant Jorge answer, debtor's motion to convert and amended schedules | 1.50 | |
| 3/29/2013 | JP | Review Diego's amended schedules | 0.50 | |

|  | SUBTOTAL: | [ | 2.00 | 600.00] |

### Real Property

| 9/12/2012 | DM | Run real property searches on Acris re Brooklyn property | 0.20 | |
| 10/22/2012 | JP | Conference with Gary Herbst re filing 297-A Notice | 0.10 | |
| 10/25/2012 | JP | Prepare 297-a Notice with exhibits; Telephone call to Ed re service; Retrieve certified copies | 0.80 | |
|  | JP | Research real property public records | 0.50 | |
|  | DAB | Conference with Jordan Pilevsky re filing 279-a notice | 0.10 | |
|  | DAB | Review 297-a notice and conference with Jordan Pilevsky re recording of same | 0.10 | |
| 10/26/2012 | JP | Telephone call with Ed re service of 297-a Notice | 0.20 | |
| 11/12/2012 | JP | Research title and mortgage history re Brooklyn property | 3.00 | |
| 2/6/2013 | JP | Telephone call from Wayne Greenwald re liquidation of property | 0.40 | |

Gregory Messer, Chapter 7 Trustee                                    Page  25

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 1/13/2014 JP | Conference with David Blansky re debtor's sale of house and 297-a notice | | 0.20 | |
| 4/1/2014 DAB | E-Mail and conference with Jordan Pilevsky re sale of real property | | 0.10 | |
| | SUBTOTAL: | [ | 5.70 | 1,742.50] |

Retentions

| 9/11/2012 DM | Prepare draft of LaMonica Herbst & Maniscalco Retention Application and Retention Order | 0.60 |
|---|---|---|
| 9/12/2012 DM | Prepare fax cover to Gary Herbst with LaMonica Herbst & Maniscalco Retention Application and Retention Order for Review; fax same | 0.20 |
| DM | Conform, pdf and Electronically file LaMonica Herbst & Maniscalco Retention Application; E-Mail to US Trustee with copies of same | 0.40 |
| DM | Prepare backed copy of LaMonica Herbst & Maniscalco Retention Application and Retention Order and cover letters to US Trustee enclosing same. | 0.20 |
| 11/20/2012 DM | Follow up call to US Trustee re status of LaMonica Herbst & Maniscalco retention application; E-Mail to Gary Herbst and Jordan Pilevsky re same. | 0.20 |

Gregory Messer, Chapter 7 Trustee                                    Page  26

|              |      |                                                                 | Hours | Amount |
|--------------|------|-----------------------------------------------------------------|-------|--------|
| 11/20/2012   | JP   | Follow up re retention application and order                    | 0.10  |        |
| 9/12/2014    | JP   | E-Mail to Trustee re accountant retention                       | 0.10  |        |
| 10/6/2014    | JP   | Conference with David Blansky re accountant retention           | 0.10  |        |
|              | DS   | E-Mail Gary Lampert re affidavit of disinterest                 | 0.10  |        |
| 10/7/2014    | DS   | Download, print and save affidavit of fl as accountant to Trustee | 0.10  |        |
|              | DS   | Prepare Gary Lampert retention order and retention application  | 0.40  |        |
| 10/10/2014   | DS   | Conform, pdf and save Gary Lampert retention application; Electronically file same; Prepare letter to US Trustee wtih copy of Gary Lampert retention order and retention application; E-Mail same to US Trustee | 0.40  |        |
| 10/27/2014   | DS   | Download, print and save conformed order re Gary Lampert        | 0.10  |        |

|       |                | Hours | Amount   |
|-------|----------------|-------|----------|
| SUBTOTAL: | [          | 3.00  | 510.00]  |

Settle Actions

|             |      |                                                              | Hours | Amount |
|-------------|------|--------------------------------------------------------------|-------|--------|
| 1/16/2013   | JP   | Conference with Gary Herbst re settlement with debtor's      | 0.30  |        |
| 1/21/2013   | JP   | E-Mails to and from Karam Dahiya re settlement terms         | 0.10  |        |
| 1/30/2013   | JP   | E-Mails to and from Karam Dahiya re default and settlement (3x) | 0.20  |        |

Gregory Messer, Chapter 7 Trustee

| | | | Hours | Amount |
|---|---|---|---|---|
| 2/1/2013 | JP | E-Mails to and from Dahiya re settlement, claims and litigation | 0.20 | |
| 2/5/2013 | JP | Telephone call with counsel re settlement terms; E-Mails re same and Conference with Gary Herbst re same | 0.40 | |
| 2/7/2013 | JP | Communication with Dahiya re settlement terms | 0.50 | |
| 3/14/2013 | JP | E-Mails to and from Karam Dahiya re negotiations and settlement | 0.10 | |
| 3/21/2013 | JP | E-Mail to Karam Dahiya re settlement terms | 0.10 | |
| 4/5/2013 | JP | Telephone call with Karam re settlement terms and E-Mail confirming same | 0.40 | |
| 6/28/2013 | JP | Receive and review omni letter and conference with David Blansky re same | 0.20 | |
| 5/20/2014 | JP | Settlement conference with David Blansky, Trustee and Dahiya | 0.30 | |
| | JP | Conference with David Blansky and Trustee re settlement | 0.30 | |
| 5/28/2014 | DAB | E-Mail with Debtors' Counsel re settlement (x4) | 0.10 | |
| 6/11/2014 | DAB | Conference with Gary Herbst and Jordan Pilevsky re settlement; E-Mail with counsel and Trustee re same | 0.30 | |
| | JP | Meeting with Gary Herbst and David Blansky re strategy and settlement | 0.20 | |
| 6/12/2014 | DAB | Conference with Gary Herbst re settlement; Telephone call to Trustee re same | 0.20 | |

Gregory Messer, Chapter 7 Trustee

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/18/2014 | JP | Telephone call with Gary Herbst re new settlement terms | 0.10 | |
| 6/25/2014 | JP | E-Mail to Karam Dahiya re settlement stipulation | 0.10 | |
| 7/3/2014 | JP | E-Mail to Karam with settlement stipulation | 0.10 | |
| 8/1/2014 | DAB | E-Mail and Telephone call with Jordan Pilevsky re stipulation of settlement and closing | 0.10 | |
| 8/4/2014 | DAB | E-Mail with Jordan Pilevsky re title report and settlement | 0.10 | |
| 8/6/2014 | DAB | E-Mail with Jordan Pilevsky and Gary Herbst re settlement | 0.10 | |
| 8/8/2014 | DAB | E-Mail with counsel re stipulation; Conference with Jordan Pilevsky re same | 0.10 | |
| 9/5/2014 | JP | Conference with David Blansky re settlement terms and trial | 0.30 | |
| 9/8/2014 | JP | Conference with Gary Herbst re settlement | 0.10 | |
| 9/10/2014 | JP | E-Mails to and from Trustee re payment receipt from Debtor | 0.10 | |
| 9/11/2014 | JP | Telephone call from Trustee re receipt of settlement payment | 0.10 | |
| 9/16/2014 | DAB | Execution, scan and E-Mail stipulation of settlement; E-Mail stipulation extending 727 time | 0.10 | |
| 9/19/2014 | JP | E-Mails to and from Karam re return date for settlement | 0.10 | |

Gregory Messer, Chapter 7 Trustee                                        Page  29

|            |      |                                                                           | Hours | Amount      |
|------------|------|---------------------------------------------------------------------------|-------|-------------|
| 9/24/2014  | JP   | Conference with David Blansky re 9019 hearing                             | 0.10  |             |
| 9/29/2014  | JP   | Review conformed order scheduling hearing and calendar dates             | 0.30  |             |
|            | JP   | Memo to file re 9019 motion; E-Mail to David Blansky re appearance at hearing | 0.20  |             |
|            |      | SUBTOTAL:                                                                  | [     6.00 | 2,172.50]  |

Travel

|            |      |                                                        | Hours | Amount     |
|------------|------|--------------------------------------------------------|-------|------------|
| 5/20/2014  | JP   | Travel to and from deposition of Debtor and defendant | 2.50  |            |
| 7/24/2014  | JP   | Travel to and from Court re pretrial conference       | 3.00  |            |
| 9/4/2014   | JP   | Travel to and from status conference                  | 1.50  |            |
|            |      | SUBTOTAL:                                              | [    7.00 | 1,312.50] |

For professional services rendered          176.40 $59,455.00

Atty/Para Summary

| Name                | Hours | Rate   | Amount      |
|---------------------|-------|--------|-------------|
| Dana Matzinger      | 2.20  | 150.00 | $330.00     |
| Danielle Schnettler | 2.70  | 150.00 | $405.00     |
| Danielle Schnettler | 2.80  | 125.00 | $350.00     |
| David A. Blansky    | 13.20 | 475.00 | $6,270.00   |
| David A. Blansky    | 17.60 | 450.00 | $7,920.00   |
| Gary F. Herbst      | 0.20  | 550.00 | $110.00     |
| Jordan Pilevsky     | 46.70 | 375.00 | $17,512.50  |
| Jordan Pilevsky     | 83.80 | 300.00 | $25,140.00  |
| Jordan Pilevsky     | 7.00  | 187.50 | $1,312.50   |
| Joseph Maniscalco   | 0.20  | 525.00 | $105.00     |

**EXHIBIT "C"**

Gregory Messer, Chapter 7 Trustee                    Page  30

      Disbursements:

|  |  | Amount |
|---|---|---|
| **$FedEx** | | |
| 3/7/2013 | FedEx to Judge Craig | 11.33 |
| 4/15/2013 | FedEx to Karamvir Dahiya | 16.44 |
| 4/25/2013 | FedEx to Karamvir Dahiya | 14.84 |
| 4/26/2013 | FedEx to Judge Carla Craig | 14.84 |
| | SUBTOTAL: | [     57.45] |
| **$Pacer** | | |
| 9/6/2012 | Pacer Research | 0.20 |
| 9/11/2012 | Pacer Research | 3.20 |
| 10/25/2012 | Pacer Research | 0.70 |
| | Pacer Research | 0.40 |
| 11/9/2012 | Pacer Research | 0.40 |
| 11/12/2012 | Pacer Research | 0.40 |
| 11/20/2012 | Pacer Research | 0.20 |
| 11/21/2012 | Pacer Research | 0.20 |
| 11/27/2012 | Pacer Research | 0.50 |
| 11/28/2012 | Pacer Research | 0.10 |
| 12/9/2012 | Pacer Research | 1.00 |
| 12/24/2012 | Pacer Research | 0.50 |

Gregory Messer, Chapter 7 Trustee                          Page  31

|  |  | Amount |
|---|---|---|
| 1/13/2013 | Pacer Research | 1.80 |
| 1/14/2013 | Pacer Research | 0.50 |
| 1/15/2013 | Pacer Research | 0.80 |
|  | Pacer Research | 1.20 |
| 1/16/2013 | Pacer Research | 3.30 |
|  | Pacer Research | 0.50 |
| 1/21/2013 | Pacer Research | 0.60 |
| 1/30/2013 | Pacer Research | 0.50 |
|  | Pacer Research | 1.20 |
| 2/7/2013 | Pacer Research | 10.20 |
| 2/8/2013 | Pacer Research | 13.70 |
|  | Pacer Research | 0.60 |
| 2/11/2013 | Pacer Research | 3.30 |
|  | Pacer Research | 3.50 |
| 3/5/2013 | Pacer Research | 15.00 |
| 3/13/2013 | Pacer Research | 7.90 |
| 3/14/2013 | Pacer Research | 3.30 |
| 3/28/2013 | Pacer Research | 5.30 |
| 4/5/2013 | Pacer Research | 3.10 |
| 4/10/2013 | Pacer Research | 4.00 |
|  | Pacer Research | 34.00 |

Gregory Messer, Chapter 7 Trustee                          Page 32

|  |  | Amount |
|---|---|---|
| 4/10/2013 Pacer Research |  | 24.30 |
| 4/12/2013 Pacer Research |  | 12.80 |
| Pacer Research |  | 0.60 |
| 4/15/2013 Pacer Research |  | 0.50 |
| Pacer Research |  | 2.00 |
| 4/16/2013 Pacer Research |  | 0.80 |
| 4/23/2013 Pacer Research |  | 1.00 |
| 4/24/2013 Pacer Research |  | 0.40 |
| 4/26/2013 Pacer Research |  | 3.30 |
| 4/27/2013 Pacer Research |  | 8.20 |
| 4/29/2013 Pacer Research |  | 8.50 |
| 5/1/2013 Pacer Research |  | 5.40 |
| 5/20/2013 Pacer Research |  | 0.50 |
| 6/3/2013 Pacer Research |  | 0.70 |
| 7/1/2013 Pacer Research |  | 0.50 |
| 8/6/2013 Pacer Research |  | 2.40 |
| 10/31/2013 Pacer Research |  | 4.60 |
| Pacer Research |  | 8.80 |
| Pacer Research |  | 4.80 |
| 1/27/2014 Pacer Research |  | 1.00 |
| 3/6/2014 Legal Research |  | 1.20 |

Gregory Messer, Chapter 7 Trustee                              Page  33

|  |  | Amount |
|---|---|---|
| 3/11/2014 | Legal Research | 0.30 |
| 3/14/2014 | Legal Research | 1.10 |
| 3/20/2014 | Legal Research | 1.70 |
| 3/21/2014 | Legal Research | 8.00 |
| 4/8/2014 | Legal Research | 1.30 |
| 4/25/2014 | Legal Research | 1.00 |
|  | Legal Research | 3.80 |
| 4/30/2014 | Legal Research | 0.70 |
| 5/1/2014 | Legal Research | 0.70 |
| 5/8/2014 | Legal Research | 1.40 |
| 5/19/2014 | Legal Research | 0.20 |
| 5/20/2014 | Legal Research | 0.70 |
| 7/23/2014 | Legal Research - NYSBK - Search | 0.10 |
|  | Legal Research - NYSBK - Search | 0.10 |
|  | Legal Research - NYSBK - search | 0.10 |
|  | Legal Research - NYEBK - search | 0.70 |
|  | Legal Research - NYEBK - docket report | 0.30 |
|  | Legal Research - NYEBK - Image 1-0 | 3.00 |
|  | Legal Research - NYEBK - Image 9-0 | 0.60 |
|  | Legal Research - NYEBK - Docket report | 0.80 |
|  | Legal Research - NYEBK- Docket report | 1.00 |

Gregory Messer, Chapter 7 Trustee                          Page  34

                                                              Amount

| | Amount |
|---|---|
| 7/23/2014 Legal Research - NYEBK - Docket report | 0.40 |
| Legal Research - NYEBK - Image 13-0 | 0.30 |
| Legal Research - NYEBK - Image 1-0 | 1.30 |
| Legal Research - NYEBK- Associated cases | 0.10 |
| Legal Research - NYEBK - Docket report | 0.40 |
| Legal Research - NYEBK - Docket report | 0.40 |
| 8/29/2014 Legal Research - NYEBK - Docket report | 0.70 |
| Legal Research - NYEBK - Docket report | 1.40 |
| Legal Research - NYEBK - Image 111-0 | 0.20 |
| Legal Research - NYEBK - Image 112-0 | 0.30 |
| 9/12/2014 Legal Research - NYEBK - Docket report | 3.10 |
| Legal Research - NYEBK - Image 22-0 | 0.20 |
| Legal Research - NYEBK - Docket report | 0.70 |
| 9/15/2014 Legal Research - NYEBK - Docket report | 0.70 |
| Legal Research - NYEBK - Image 28-0 | 0.20 |
| Legal Research - NYEBK - Associated Cases | 0.10 |
| Legal Research - NYEBK - Docket report | 0.40 |
| Legal Research - NYEBK - Image 9-1 | 0.20 |
| Legal Research - NYEBK - Docket report | 0.70 |
| Legal Research - NYEBK - Image 26-0 | 1.50 |
| Legal Research - NYEBK - Image 32-0 | 0.90 |

Gregory Messer, Chapter 7 Trustee                                    Page 35

| | Amount |
|---|---|
| 9/15/2014 Legal Research - NYEBK - Image 28-0 | 0.20 |
| Legal Research - NYEBK - Associated Cases | 0.10 |
| Legal Research - NYEBK - Docket report | 0.40 |
| Legal Research - NYEBK - Image 10-0 | 0.20 |
| 9/23/2014 Legal Research - NYEBK - Docket report | 0.80 |
| Legal Research - NYEBK - Associated Cases | 0.10 |
| Legal Research - NYEBK - Docket report | 0.40 |
| SUBTOTAL: | [    258.40] |

$ParkingTolls

| | |
|---|---|
| 1/15/2013 Parking and Tolls | 9.00 |
| 2/12/2013 Parking and Tolls | 27.00 |
| 3/14/2013 Parking and Tolls | 27.00 |
| 5/1/2013 Parking and Tolls | 39.00 |
| 5/20/2014 Parking and Tolls | 35.50 |
| Parking and Tolls | 27.00 |
| SUBTOTAL: | [    164.50] |

$Photocopies ED

| | |
|---|---|
| 10/25/2012 Copying cost - 297-a Notice | 0.90 |
| 11/28/2012 Copying cost - S&C | 7.00 |
| 2/8/2013 Copying cost - motion to extend and discharge | 2.70 |

Gregory Messer, Chapter 7 Trustee                          Page 36

|  |  | Amount |
|---|---|---|
| 3/14/2014 Copying cost - NOS of order | | 0.80 |
| 3/21/2014 Copying cost - subpoena and Notice of Deposition | | 1.30 |
| 5/19/2014 Copying cost - Deposition Exhibits | | 31.50 |
| | SUBTOTAL: | [      44.20] |

$Postage

| | | |
|---|---|---|
| 11/28/2012 Postage | | 1.30 |
| 2/8/2013 Postage | | 3.96 |
| 3/13/2013 Postage | | 1.92 |
| 4/26/2013 Postage | | 0.46 |
| 3/14/2014 Postage | | 2.38 |
| Postage | | 0.48 |
| 3/21/2014 Postage | | 2.76 |
| 6/12/2014 Postage - transcript to Karam | | 5.05 |
| 8/29/2014 Postage - motion to extend time | | 1.38 |
| 10/10/2014 Postage - Gary Lampert retention order and retention application | | 0.69 |
| | SUBTOTAL: | [      20.38] |

$Service Fee

| | | |
|---|---|---|
| 5/30/2014 Service Fee Interpreter's Inc. | | 255.00 |
| | SUBTOTAL: | [     255.00] |

Gregory Messer, Chapter 7 Trustee

| | Amount |
|---|---|
| **$Transcript** | |
| 5/1/2014 Transcript Cost re Bust | 125.00 |
| 5/20/2014 Transcript Cost re Marlene Camacho and Jorge Caicedo | 615.65 |
| 6/2/2014 Transcript Cost re Jorge Client aicedo | 245.15 |
| SUBTOTAL: | [    985.80] |
| Total disbursements | $1,785.73 |
| Total amount of this bill | $61,240.73 |
| Balance due | $61,240.73 |